May Term,
1853.

POLLYS
v.
SWOPE.

</div>

---

## POLLEYS and Another *v.* SWOPE.

A party by amending his plea after a demurrer has been sustained to it, waives his right to complain of the sustaining of the demurrer.

Where there are issues under which evidence to sustain the finding of the Circuit Court would have been admissible, it will be presumed, in the absence of a bill of exceptions embodying the testimony, that the Court had before it the evidence necessary to sustain its finding and judgment.

ERROR to the *Decatur* Circuit Court.

ROACHE, J.—This was a proceeding by *Swope,* as sheriff of *Decatur* county, by notice and motion, to obtain a judgment against *Polleys & Butler,* who were the defendants below, for the amount of a bid alleged to have been made by them at a sheriff's sale, with 10 per cent. damages, under the provisions of s. 429, c. 40, R. S. 1843.

*Polleys & Butler* appeared and filed several pleas, to several of which demurrers were sustained. The plaintiffs here contend that sustaining the demurrers to their pleas was erroneous. The record shows that the defendants filed amended pleas after the demurrers were sustained, in every instance, and issues were accordingly

<div style="text-align:right">

*Monday,*
*June 6.*

</div>

May Term, 1853.

made up. No question arises on the pleadings for our consideration, the plaintiffs having waived their right to complain, by amending.

The Court, to whom the issues joined were submitted for trial, found for the defendants below, and accordingly set aside the sale and rendered judgment in their favor.

It is also alleged that the finding and judgment of the Court were erroneous. Upon what grounds the defendants below, who succeeded in maintaining their defence and obtaining a judgment, now ask to have that judgment reversed, we are not informed, except by the assignment of errors indorsed on the record; and we do not perceive any.

The evidence is not set out in the transcript.

There were issues joined under which evidence would have been admissible which would sustain the finding. In the absence of a bill of exceptions embodying the testimony, we must presume that the Court had before them all the evidence necessary to sustain their finding and judgment.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Robinson,* for the plaintiffs.

*J. S. Scobey,* for the defendant.