JAY and Others *v.* THE INDIANAPOLIS, PITTSBURGH AND CLEVELAND RAILROAD COMPANY.

A party by amending his plea, after a demurrer has been sustained to it, waives his right to complain of the sustaining of the demurrer.
Section 382 of the code applies, alone, to demurrers overruled.

*Friday,*
*December* 6.

APPEAL from the *Madison* Circuit Court.

DAVISON, J.—This was an action by the appellants, who were the plaintiffs, against the railroad company, for failing to ship hogs delivered to her by the plaintiffs for shipment. The original complaint contains three counts. The first alleges, that on *December* 1, 1855, and continuously thereafter, until the commencement of this suit, the defendant was a common carrier, and, in her capacity and business as such, notified and held out to the public that she would transport hogs, and other live stock, over her railroad to the city of *Cleveland* in the State of *Ohio,* from any station on her road, upon delivery of such stock for transportation. And the plaintiffs aver that on *December* 25, 1855, they notified the defendant that they would, on the 30th of that month, deliver at her depot, at *Muncie,* 5,000 head of fat hogs, for shipment over said road to the city of *Cleveland,* the destination of said hogs being the city of *New York*

And in pursuance of this notice, the plaintiffs did, on *December* 30, aforesaid, deliver at said depot, for shipment, 1,583 hogs, averaging 200 lbs. net. But the defendant, not regarding her undertaking and promise, as such common carrier, neglected and refused for a space of time, viz., fourteen days after the delivery of the hogs, to ship and transport the same to the city of *Cleveland*, as by law she was bound to do, upon the delivery thereof. Whereby the plaintiffs, during such delay, sustained damages as follows: $880 for corn to feed the hogs, $3,789 for loss by shrinkage, and $200 for hands to take care of them, &c. The second and third counts are each, in substance, the same as the one just recited.

Demurrers to each count were sustained; and thereupon the plaintiffs, by leave, &c. amended their complaint. The amended complaint consists of three paragraphs, and is in form and effect the same as the original, with the exception that it relies upon a special contract between the parties, whereby the defendant, for a reward, agreed to ship and transport the hogs, as alleged in the first pleading, upon three days' notice, prior to the first day of delivery for shipment. Defendant answered by a general traverse. Verdict against the plaintiffs; upon which the Court, having refused a new trial, rendered judgment, &c.

For error, the appellants in their brief rely, alone, upon the decision of the Court sustaining the demurrers to the original complaint, while, on the other hand, it is insisted that the error, if any, in that ruling, is not legitimately before this Court. We have decided that "a party by amending his plea, after a demurrer has been sustained to it, waives his right to complain of the sustaining of the demurrer." *Polleys* v. *Swope*, 4 Ind. 217. This authority is cited by the appellee, and seems to be decisive of the case; and, moreover, it may be well doubted whether, in this instance, the original complaint is properly in the record. 2 R. S., § 559, pp. 159–160. It may be noted that § 382 of the code applies, alone, to demurrers overruled. *Id.* p. 123.

*Per Curiam.*—The judgment is affirmed, with costs.

*John Davis* and *Walter March*, for the appellants.

*D. Kilgore*, *S. Yandes*, and *C. C. Hines*, for the appellee.