Patrick v. Jones et al.

---

PATRICK *v.* JONES *et al.*

21 249
142 260
142 329

PRACTICE—WAIVER.—Error alleged to have been committed in sustaining a demurrer to a pleading is waived by amending the pleading.

RULE 30.—Unless a bill of exceptions contain the words, "this was all the evidence given in the cause," the presumption that there was other evidence will not be excluded.

APPEAL from the *Madison* Circuit Court.

DAVISON, J.—The appellees, who were the plaintiffs, on *January* 16, 1858, brought an action in said Court against *Patrick* on two promissory notes, which read thus:

"$100.00 *Indianapolis, March* 4th, 1856.

" On or before the 25th of *December*, 1856, I promise to pay *John D. Jones, William Becket, Jonathan Ridenour* and *James Blake* 100 dollars, with interest from date, for value received.

" PALMER PATRICK."

"$150.00 *Indianapolis, March* 4th, 1856.

" On or before the 25th of *December*, 1857, with interest

Patrick *v.* Jones et al.

from date, I promise to pay *James Blake, Jonathan Ridenour, John D. Jones* and *William Becket* 150 dollars, for value received.                                          PALMER PATRICK."

At the *March* term, 1858, the defendant answered by three paragraphs, to each of which a demurrer was sustained and exceptions were taken; but as the grounds of these exceptions are not pointed out in the appellant's brief, the rulings upon the demurrers will not be further noticed. Afterwards, at the *March* term, 1854, the defendant filed another answer which contains: 1. A general denial; and 2. A special paragraph as follows: "The notes sued on, together with another note which fell due *December* 25th, 1858, were given in consideration that the plaintiffs would, on said 25th of *December*, 1858, or concurrently with the full payment of said purchase money, convey to the defendant certain real estate, as described in a bond between the parties, which bond is herewith filed, &c. And the defendant avers that the plaintiffs have never conveyed, or offered to convey, said real estate, &c. To this second paragraph the Court sustained a demurrer, and thereupon the defendant, by leave, &c., filed an amended answer in which he alleges, that the sole consideration for the notes in suit, and another note, was the agreement of the plaintiffs that they would, on the 25th of *December*, 1858, or concurrently with the payment of all the notes referred to in a bond, convey to the defendant certain real estate described in said bond as lot No. 17, and a strip adjoining thereto, in the town of *Pendleton*, which bond bears date *March* 4th, 1856, and was filed with the answer as a part thereof. It is averred that the plaintiffs have not conveyed or offered to convey said real estate to the defendant; and further, they had not, at the date of the notes and bond, or on the 25th of *December*, 1858, nor have they now any title whatever to the same, &c. The plaintiffs demurred to this

Patrick *v.* Jones et al.

amended paragraph, but the demurrer was overruled, and thereupon they replied by a denial.

The action of the Court in sustaining the demurrer to the second paragraph of the answer is assigned for error, but that assignment is not available. The defendant, having amended the paragraph, after a demurrer had been sustained to it, "waived his right to complain of the sustaining of the demurrer." *Polleys* v. *Swope*, 4 Ind. 217; *Jay* v. *The Indianapolis, &c., R. R. Co.*, 17 Ind. 262.

The issues were submitted to the Court, who found specially as follows : That there was due in principal and interest on said two promissory notes 295 dollars; that the plaintiffs have no title to the strip, which is 16½ feet of ground, mentioned in the answer, and that the defendant is entitled to a set off of 45 dollars, the value of said strip, and interest thereon from the date of the notes, which, in the aggregate, amount to 53 dollars; and the Court also found generally for the plaintiffs 242 dollars. Motion for a new trial denied, and judgment, &c.

The appellant contends that the finding is unsustained by the evidence, but this position is not tenable, for the reason that the record does not, as required by rule 30 of this Court, contain the words : "This was all the evidence given in the cause." We have, however, looked into the evidence, as set out in the transcript before us, and are of opinion that it sustains the finding.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Walter March* and *W. R. Pierce*, for the appellant.