THE ERIE AND NEW YORK CITY RAILROAD, Appellant, *v.*
RICHARD PATRICK, Respondent.

The defendant had subscribed, in his own name simply, for fifty shares
($2,500) of the stock of the Erie & New York City railroad. At the
same time he subscribed for fifty other shares, writing his name and
annexing thereto the letters " Exr.," saying that he would take fifty
shares for an estate of which he was executor.

*Held,* that these subscriptions were two separate and independent contracts,
and that the pendency of an action to enforce the payment of the first,
afforded no sufficient ground for abating the action to enforce the pay-
ment of the second.

*Hazeltine & Clark,* for the appellant.

*C. Tucker,* for the respondent.

CAMPBELL, J.    This action was brought to recover the
balance due on a subscription for $2,500, for fifty shares of
the capital stock of the Erie and New York City railroad.
There were numerous subscribers for the stock, all signing
the articles of association, and each for himself, severally,
agreeing to take the number of shares set opposite to his
name, and to pay for the same by certain installments. The
defendant subscribed his name and placed opposite to it
fifty shares, $2,500, and then immediately subscribed his
name again, adding thereto the letters *Exr.*, saying he would
also take fifty shares for an estate of which he was executor,
and writing again opposite the last signature also fifty shares,
$2,500. This action was brought to recover the amount
unpaid on this last sum. The referee, by whom the cause
was tried, found that, prior to the commencement of this
action, the plaintiff commenced an action in the Supreme
Court, and by the complaint claimed to recover upon the
contract set forth, one of the sums of $2,500, less the amount
paid thereon, and that issue was joined, and the same was
pending and undetermined when this action was commenced;
and, further, that, before the commencement of this action,

the whole $5,000 had become due and payable; and he held and decided that, in judgment of law, the two subscriptions for $2,500 each, constituted but one contract for the payment of $5,000; and he ordered the complaint in this action to be dismissed with costs, but without prejudice to the plaintiff's right to bring a new action. The judgment being affirmed at General Term, the plaintiff appeals to this court. Other questions arose in the progress of the trial, but the only one now presented is whether these two subscriptions constituted one entire and indivisible contract.

It is well settled that where a plaintiff brings an action for a part only of an entire and indivisible demand, the verdict and judgment in that action are a conclusive bar to a subsequent suit for another part of the same demand. As was said in *Secor* v. *Sturgis* (16 N. Y., 554), "it results from this principle, and the rule is fully established, that an entire claim arising either upon a contract or from a wrong cannot be divided, and made the subject of several suits, and, if several suits be brought for different parts of such a claim, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits." But it is only entire claims, such as are indivisible in their nature, which cannot be divided—not such as are separate and independent of each other. But the whole subject is fully discussed and numerous authorities in this State cited and commented on in *Secor* v. *Sturgis*, and it was held in this court in that case, that, where the plaintiffs were carrying on different branches of business—some of the partners managing one branch, and other partners conducting the other branch, and all having a common interest in the whole business—that the prevention and recovery of a claim, arising out of work and labor performed by one branch, formed no defense to a claim arising from goods sold and delivered by the other branch, though both claims were due and payable when the first action was commenced.

That decision virtually overruled some of the authorities in this State as will be seen by a reference to such author-

ities cited and commented on in the opinion delivered in that case, and to which it is only necessary to refer. That case decides that claims which under some of the former decisions in this State now held to be entire and indivisible were separate and independent contracts, and might be prosecuted as such at the option of the plaintiffs. Now, what is the fair construction of the two subscriptions which the defendant made? The agreement which he signed, undertaking to pay for certain shares of stock, was signed by numerous other parties, all signing not jointly but severally, and each subscriber as much bound, irrespective of any other subscriber, as if his name had been signed to another copy of the instrument of agreement. The agreement which the defendant signed was virtually a contract to purchase a certain number of shares of stock thereupon to be issued to him and to pay therefor a certain sum of money. Waiving any consideration of what was said at the time by the defendant of the object he had in view in making his two distinct subscriptions, and looking alone at his acts, what construction is to be put on them? The subscriptions were made at the same time, separately—one the simple signature—to the other signature the letters *Exr.* were added, showing conclusively that the latter subscription was not an adition to the former, but entirely irrespective and independent of it. That the defendant became personally bound by the latter as well as by the former subscription makes no difference in this view, inasmuch as there was a manifest intent on the part of the defendant to make separate contracts for his purchase of the $5,000 of stock. Suppose the defendant had signed at the same time two instruments in the form of promissory notes, both containing substantially the agreement he entered into ; each of the same date and tenor, and reciting that, in consideration of, or for value received in, fifty shares of stock thereupon to be issued to him, he promised to pay the sum of $2,500. No doubt can arise but he could be prosecuted on each instrument in separate actions. The defendant did virtually the same thing. He subscribed his name the second time, not by mistake but purposely ; not to add to his former subscrip-

tion, but to make another and independent one ; and, whether he signed one paper or two papers, one the copy or transcript of the other, makes no difference.   He declared his intent to make separate contracts, and manifested that intent by his acts.   It seems to me very clear, therefore, that the plaintiff's claim is not entire and indivisible, but, on the contrary, it was understood at the time of the subscription that the defendant made two separate contracts, and, also, such is the fair construction to be put upon his acts.   It was optional therefore with the plaintiff to commence one or two actions. Whether they should not have been counteracted was another question.   But the defendant made no effort in that direction.   I am of opinion that the pendency of the action to enforce payment of the first subscription forms no sufficient grounds for abating the action to enforce the second subscription.

The judgment should be reversed, and a new trial ordered.

DENIO, Ch. J., POTTER, DAVIS, BROWN, WRIGHT and PORTER, JJ., concurring,

Judgment affirmed.