### DeArmond et al. v. Stoneman.

PRACTICE.—*Amendment of Answer to which Demurrer was Sustained.— Waiver.—Harmless Error.*—A demurrer questioning the sufficiency of an answer consisting of a single paragraph having been sustained, the defendant, by leave of court, filed what he termed a second paragraph of answer, under which all the facts averred in his first answer were admissible in evidence.

*Held,* that, by so amending, error in sustaining such demurrer was waived, or rendered harmless.

SAME.—*Reply, Specially Denying Averments of Answer, Admissible under General Denial.*—Where,to an affirmative answer, a reply is filed, consisting of the general denial and a paragraph specially denying each material allegation of the answer, the facts averred in the special plea are admissible in evidence under the general denial ; and therefore the defendant is not injured by the overruling of a demurrer questioning the sufficiency of the special plea.

From the Decatur Circuit Court.

*B. W. Wilson, W. B. Wilson, C. Ewing* and *J. K. Ewing,* for appellants.

*J. D. Miller* and *F. E. Gavin,* for appellee.

PERKINS, J.—Suit to foreclose a mortgage, of which the following is substantially a copy :

" This indenture witnesseth, that Julia E. Robbins and William F. Robbins, her husband,of Decatur county, in the State of Indiana, mortgage and warrant to Saddler, Pee, Root & Co., of the city of Indianapolis, Marion county, Indiana, the following real estate, situate in said county and State, viz. :

" Lot number twelve (12) on the original plat of

the town of Westport, county and State aforesaid, to secure the payment, when due, of one promissory note, bearing even date herewith, for the sum of three hundred and forty dollars, due six months from date, executed by the said William F. Robbins, payable to said Saddler, Pee, Root & Co., at the First National Bank of Greensburgh, Indiana, bearing interest at ten per cent. per annum after maturity, and attorney's fees, and waiving all relief from valuation or appraisement laws, and the mortgagors expressly agree to pay the sum of money above secured without relief from valuation or appraisement laws."

· Signed and acknowledged by the mortgagors September 7th, 1876.

It is averred in the complaint, that William A. Bristor, one of the plaintiffs, is the owner, by assignment, of the interest of said Root; that said mortgage was duly recorded on the 16th day of October, 1876, being forty days after its execution.

Defendant Charles P. Root answered, disclaiming any interest. The defendants Robbins made default. DeArmond answered in one paragraph, to which a demurrer was sustained, and an exception entered. And therefore, says the record, " he is granted leave to file an additional paragraph to said answer, and, accordingly, files the following second paragraph, to wit:

" Par. 2. Defendant DeArmond says that he admits the execution of the note sued on by his co-defendants Robbins and wife, but he says that plaintiffs ought not to be allowed to foreclose said mortgage, as against this defendant, because of the fraudulent conduct of these plaintiffs. He avers the truth to be, that, before the execution of the note and mortgage sued on, and at the time, the defendant Julia E. Robbins was the owner, in her own right, of the property described in said mortgage, and her said husband was a debtor in failing circumstances ; that the plaintiffs and

said Robbins and wife, at the time of executing said mortgage, secretly agreed among themselves, that said mortgage should not be put upon record, nor should its existence be made known for a period of at least thirty days from its execution; that this agreement was fraudulently made to enable said William F. and Julia E. Robbins to sell said real estate to an innocent purchaser as unincumbered real estate ; that, at the same time, it was agreed between said parties, that if said Robbins and Robbins could sell said property within thirty days, and could take a note from the purchaser for a like amount with the note in suit, dated within said thirty days, the plaintiffs would accept such note in lieu of the note and mortgage sued on, provided said note was executed by a solvent party, and would surrender the note and mortgage in suit, and not record the same.   The defendant says he had no knowledge of said agreement, but believing said Julia E. Robbins had a perfect title, defendant did, in good faith, buy said property and pay therefor a large sum, viz., $3,540, without knowledge of plaintiffs' mortgage ; that, at the time of said purchase, viz., September 16th, 1876, and within thirty days, he executed for a part of the consideration of said purchase a promissory note, payable at the Citizens National Bank of Greensburgh, Indiana, to William F. Robbins for $340, an amount equal to plaintiffs' claim ; that said Robbins afterward, and before its maturity, assigned said note to the plaintiffs pursuant to said agreement originally made, which note was then and still is the note of a solvent party.   This defendant further avers that the plaintiffs did receive said note according to the terms of their original agreement, and gave this defendant notice of their acceptance ; that said plaintiffs afterward put said mortgage on record, and wrongfully refused to surrender the note and mortgage, and suffered said note of the defendant to be put in circulation, which note is now held by Henry

C. Miller, by endorsement before maturity, and claims to be a *bona fide* holder, and is threatening to collect the same; that Julia E. Robbins, being a married woman, is not liable on her covenants, etc. Wherefore he prays that his title to the land be quieted," etc.

Reply in two paragraphs:

1. General denial;

" 2. The plaintiffs, for a second paragraph of reply, say, that they did not receive said note in payment, or in lieu of the note sued on, but only to make enquiry as to its solvency, etc.; that, after holding it long enough for that purpose, they returned it to the defendant William F. Robbins, who received and accepted the same, they, at the time, notifying him that they declined to receive the same; that thereupon the plaintiffs caused said mortgage to be recorded; that they deny all fraud, and all or any conspiracy with William F. Robbins, or any knowledge of any wrong intent on the part of said Robbins to reassign said note to any person whatever, and that said Miller is not a *bona fide* holder," etc.

A demurrer to this paragraph of reply was overruled, and an exception entered.

The issues were tried by a jury, who returned a verdict and answers to interrogatories, as follows:

" We, the jury, find for the plaintiffs, against all the defendants, and assess their damages at four hundred and nine dollars and ninety-six cents, including interest on note, and twenty dollars attorney's fee."

Interrogatories directed by the court to be answered:

" 1. Did the defendant William F. Robbins give the note for $346, executed by John DeArmond to him on the 23d day of December, 1876, to Robert Headrick, the agent of the plaintiffs, with the express agreement that Headrick was to take the note to the plaintiffs, and that, if they received it, that he would return his, Robbins,' note and

mortgage to him? if not, that he would return the De-Armond note? Answer: Yes.

"2. Did the plaintiffs ever return the note and mortgage sued on to the defendant Robbins? Answer: No."

Judgment and decree for William H. Stoneman, who had become the owner of the note and mortgage.

There was no motion for a new trial, nor any exception to the decree.

The errors assigned in this court are:

1. The court erred in sustaining the demurrer to the first paragraph of DeArmond's answer;

2. The court erred in overruling the demurrer to the second paragraph of reply.

If it be true, that the first error was committed, we could not reverse the judgment on account of it, for the two reasons, that the error was waived, and rendered harmless by the subsequent action of the party.

The second paragraph of answer was really but an amendment of the first, after demurrer sustained to it. Such amendment waived error, if error there was, in the ruling upon the first. *Polleys* v. *Swope*, 4 Ind. 217; *Patrick* v. *Jones*, 21 Ind. 249.

Again, all the evidence that could have been given, and relief had, under the first paragraph of answer, could have been given and had under the second. This being the case, the filing of the second paragraph rendered the ruling upon the first harmless. *The Terre Haute Gas Co.* v. *Teel*, 20 Ind. 131; *Stewart* v. *Anderson*, 59 Ind. 375.

Further, counsel for the appellant, in their brief, say:

"It is not deemed important to discuss the question whether or not the error assigned in sustaining the demurrer to the first paragraph of answer is available, the same question being presented by the ruling of the court on the demurrer to the second paragraph of reply."

This latter ruling presents the only question for the decision of this court.

Having carefully read the second paragraph of the answer, which is similar in its averments to the first, it appears to us that the entire merits of the cause were in issue and triable on the general denial of that paragraph of answer, contained in the first paragraph of the reply; that the second paragraph of the reply was, in effect, but a negation of certain facts in the answer. The second paragraph of answer consisted of affirmative allegations, and covered and presented the whole case. The general denial of the answer put in issue the whole merits of the cause. Every question presented by the second paragraph of reply was presented by the answer. The jury found upon the trial, that the averments of the answer were not true.

We can not see that the second paragraph of reply presented any new fact or question, or that the overruling of the demurrer to it could in any way have injured the defendant. That paragraph was but a special denial of the paragraph of answer already embraced by the general denial. Besides, there is nothing in the reply showing bad faith in the mortgagees. They had forty-five days in which to get their mortgage recorded. DeArmond knew that. He acted very carelessly: The mortgagees made no representations to him, nor did they know of his intention to purchase the property prior to his making it. Neither the reply nor the record, indeed, shows these facts. Instead of admitting, the paragraph denies all fraudulent concealment.

We see no error in the record.

The judgment is affirmed, with costs.