O'Halloran *v.* Marshall.

Filed Dec. 12, 1893.

———————◆———————

No. 1,009.

O'HALLORAN *v.* MARSHALL.

PRACTICE.—*Pleading, Sustaining Demurrer to.—Exception.—Leave to Amend.*—Where a demurrer is sustained to a pleading, and exception is taken to such ruling, and leave is granted to amend, the excepting party may stand on his pleading and exception, or he may abandon his exception, and amend his pleading.

PLEADING.—*Counterclaim, Sufficiency of.—Action for Attorney's Fees.— Misconduct of Attorney.—Damages.*—In an action for attorney's fees, a counterclaim is sufficient, on demurrer, which alleged, in substance, that the plaintiff, as defendant's attorney in cases forming the basis of the fees, acted in disregard and contrary to defendant's instructions, in continuing the cases until the next term of court, thereby causing defendant, by such wrongful conduct, to pay —— dollars additional costs, to his damage.

O'Halloran *v.* Marshall.

From the Jasper Circuit Court.

*F. Foltz*, for appellant.

*J. T. Brown*, *E. G. Hall* and *R. W. Marshall*, for appellee.

GAVIN, J.—The appellee filed his complaint against appellant for services rendered him as his attorney in various cases. Appellant filed a counterclaim, to which a demurrer was sustained. This ruling is assigned for error.

The counterclaim alleges, that appellee was employed by appellant as his attorney in two cases pending in the circuit court, and that he, as such attorney, for a valuable consideration, undertook the management of them; that they were set down for trial upon a certain day; that appellant was present with his witnesses ready and anxious for trial, as appellee well knew; that appellant instructed appellee to use all proper means to bring said causes to trial on the day set for their hearing, but appellee, in disregard of such instructions, and of his duty to appellant, secretly, and without the knowledge of this appellant, agreed and consented to a continuance of said causes, whereby they were continued until another term; that without such agreement the trials of said causes would not have been postponed; that by reason of such consent and agreement, and the appellee's said wrongful conduct, appellant was compelled to pay the sum of two hundred dollars additional costs occasioned by such continuance. Whereby he was damaged in such sum; that the cases thus referred to are two of the cases for which appellee seeks to recover fees in his complaint.

No argument is offered by appellee to sustain this ruling of the court, but it is insisted, with apparent confidence, that because, after appellant properly saved his

O'Halloran *v.* Marshall.

exception to the ruling, leave to amend was given, and the error, if any, thereby waived.

The record is: "Defendant excepts, and has leave to file amended counterclaim on tomorrow morning."

Whether this leave was granted by the court of its own motion or at the request of appellant, does not appear.

Upon the following morning, the record shows the rule closed against appellant by reason of his having failed to file his amended pleading.

Appellee's proposition is supported by counsel by reference to *Patrick* v. *Jones*, 21 Ind. 249, and *De Armond* v. *Stoneman*, 63 Ind. 386, which hold, as do many other cases, that where a party files an amended pleading, he thereby waives the sustaining of a demurrer to the original pleading. This result, however, follows the filing of the amended pleading, and not the granting of leave to so do.

The rule is thus stated by CRUMPACKER, Judge, in *Evans* v. *Queen Ins. Co.*, 5 Ind. App. 198: "A party can not have the benefit of exceptions to an adverse ruling upon a demurrer to a plea, and exercise the privilege of amending the plea at the same time. He is compelled to abide by his exceptions or waive them by amendment."

The language of numerous cases is that the amended pleading supersedes the old one.

Here the exception was regularly saved. The appellant did no act inconsistent with this exception. We find no case sustaining counsel's contention, nor are we able to see any good reason why it should be the law. On the contrary, the rule adopted by us is sustained by the holdings of our Supreme Court.

In *Washburn* v. *Roberts*, 72 Ind. 213, a demurrer was sustained to several paragraphs of answer, with exceptions and leave taken to amend. One paragraph was

O'Halloran *v.* Marshall.

amended, but not the other. The court held that the exception to the ruling on the paragraph not amended was not lost. It says: "Court and counsel were advised by the exception to the ruling and the failure to amend the third paragraph, that appellant elected to let that paragraph stand upon the exception entered."

This ruling is followed in *Daggett* v. *Flanagan*, 78 Ind. 253. The language there used is applicable here. "The exception was not withdrawn. No amendment was made, and the exception previously entered remained in full force. Nothing was done to impair its efficacy. No act was done by appellant which can be construed into an abandonment of his exception."

Until the amended pleading has been filed, there is clearly no waiver.

We are unable to discover any serious defect in the counterclaim. It seems to show plainly a disregard of appellee's duty to appellant with reference to the cases, and damage resultant therefrom.

If this be true, and the demurrer so admits, then appellee should respond. *Nave* v. *Baird*, 12 Ind. 318; *Reilly* v. *Cavanaugh*, 29 Ind. 435.

The judgment is reversed, with instructions to overrule the demurrer to the counterclaim.

Filed Dec. 15, 1893.