(23 Misc. Rep. 153.)

GENTLES et al. v. FINCK.

(Supreme Court, Appellate Term. March 28, 1898.)

1. SPLITTING CAUSE OF ACTION.
    While, if an entire claim is divided and made the subject of several suits for different parts thereof, a judgment upon the merits in either will be available as a bar in the others, yet several suits may be maintained upon several causes of action, even though they might have been united in a single suit.

2. SAME.
    The distinction between a single and entire demand or right of action and demands which are several and distinct is that the items of the former immediately arise out of the same act or contract, and the latter out of different acts or contracts; and, where items of an account arise at different times, there must be an express contract, or else the circumstances must be such as to raise an implied contract, embracing all the items, which may thus result in a single or entire demand or cause of action, within the rule against splitting a cause of action.

Appeal from Ninth district court.

Action by Lewis H. Gentles and another against George Finck. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

George Finck, in pro. per.

Wayland E. Benjamin, for respondents.

GIEGERICH, J. This action was brought to recover the reasonable value of certain work and materials claimed to have been performed and furnished by the plaintiffs, at the request of one Fisk Trevett, who, it is alleged, was the agent of the defendant in the construction of a certain building in the city of New York. The answer, while admitting the defendant's ownership of the premises, denies the other allegations of the complaint, and sets up res adjudicata. The reversal of the judgment is sought upon various grounds, which will be considered in the order in which they are stated in defendant's brief.

The defendant contends that the authority of Trevett to order the work in question has not been established. The uncontradicted proof shows that Trevett was the defendant's superintendent, and that at his request the plaintiffs performed certain work, of the value of $134.95, described as follows, "Varnishing sash throughout the building, cleaning paste and water color from the woodwork, and puttying up and revarnishing mantels," and that, prior thereto, the plaintiffs, at the request of Trevett, had painted "partition in the cellar and stone wall and fence that was not in the original plan," for the recovery of the value of which work, namely, $38.95, the plaintiffs brought an action against the defendant, in which action they recovered judgment against the latter, upon the claim. The evidence, to my mind, was sufficient to warrant the justice in finding (as is assumed from the judgment) that Trevett had ample power to bind the defendant for the work in controversy, and hence the motion to dismiss the complaint was properly denied.

The defendant contends, furthermore, that the cause of action herein is one of several items included in a general account rendered by the plaintiffs to him, and that, they having recovered a judgment against him for one of such items, amounting to $38.95, such recovery is a bar to this action. It is well settled by numerous decisions in this state that an entire claim, arising either upon a contract or upon a wrong, cannot be divided and made the subject of several suits; that, if they are brought for different parts of such a claim, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits; that several suits may, however, be maintained upon several causes of action, though they might be united in a single suit; that the distinction between a single and an entire demand or right of action, and which demands are several and distinct, is that the items of the former immediately arise out of the same act or contract, and the latter out of different

acts or contracts; that, where items of an account·arise at different
times, there must be an express contract, or else the circumstances
must be such as to raise an implied contract, embracing all the items
which may thus result in a single or entire demand or cause of ac-
tion, within the rule against splitting a cause of action. Secor v.
Sturgis, 16 N. Y. 548; Railroad Co. v. Patrick, *41 N. Y. 258;
Nathans v. Hope, 77 N. Y. 420; Zimmerman v. Erhard, 83 N. Y. 74;
Perry v. Dickerson, 85 N. Y. 345; Millard v. Railroad Co., 86 N. Y.
441; Byrnes v. Byrnes, 102 N. Y. 4, 5 N. E. 776; Jex v. Jacob, 7
Abb. N. C. 452.

In Secor v. Sturgis, supra, the subject under consideration was
discussed, and numerous authorities cited and commented upon.
Strong, J., speaking for the court, at page 558, says:

"Perhaps as simple and safe a test as the subject admits of, by which to de-
termine whether a case belongs to one class or the other, is by inquiring whether
it rests upon one or several acts or agreements."

In Zimmerman v. Erhard, supra, there were separate sales of
goods at different times, upon a credit for a specified period; and it
was held that such separate sales did not constitute an entire and
indivisible demand, but that a cause of action accrued where the
term of credit expired as to any one sale, and the vendor might
bring separate actions for each. In the case cited, there was ren-
dered, as in the case before us, an account containing all the items.
The court, in passing upon the question raised in respect thereto,
through Miller, J., at page 78, says:

"The rendering of an account containing all the items does not change the
nature of the contract, or evince that the transactions were not separate and
distinct. The cases cited to sustain the rule that the account sued upon was
entire, and could not be split up, so as to form the basis of separate causes of
action, are only applicable where successive suits are brought for separate items
of a current account, or for separate installments becoming due under the same
contract."

In Perry v. Dickerson, supra, the plaintiff brought an action to
recover damages for an alleged wrongful dismissal from the defend-
ant's employment before the expiration of a stipulated term; and it
was held that the judgment therein was not a bar to a subsequent
action to recover wages earned during the time plaintiff was actu-
ally employed, and due prior to the alleged wrongful dismissal, and
that the two claims constituted separate and independent causes of
action, upon which separate actions were maintainable. Andrews,
J., who wrote the opinion in that case, at page 348, says:

"It is doubtless true that the plaintiff could have prosecuted in one action the
claims for wages and for damages for the wrongful dismissal; but it is not a
test of the right of the plaintiff to maintain separate actions that all the claims
might have been prosecuted in a single action. A plaintiff having separate de-
mands against a defendant on contract, or arising from distinct trespasses or
wrongs, is not required to combine them in one action, although in most cases
he may do so at his election. He may prosecute them separately, subject to the
power of the court, in furtherance of justice, and to prevent undue vexation and
costs, to order the actions to be consolidated."

The evidence touching the subject ·under consideration clearly
shows that the work in suit was done under a separate and distinct

contract. The plaintiff Bradley testified that the work for the recovery of which the present action was brought was done under a special contract made with Trevett, the defendant's superintendent, the terms thereof being that the plaintiffs might charge $4 a day for a man's labor; that the work for which a judgment was heretofore rendered was done pursuant to a special arrangement with Trevett that the cost of labor should be at the rate of $2.50 a day; that the witness kept a separate and distinct account of said last-mentioned work; that he rendered to the defendant separate bills for the work performed under the various contracts, including the items of claim in the former and present suits, respectively; and that he subsequently rendered a statement in which he included the separate bills before rendered. The foregoing testimony was not contradicted by the defendant except as to the rendition of the separate bills. There being no circumstances from which any implication could be raised of an understanding between the parties that there should be a running account, the justice was warranted in finding (as is assumed from the judgment) that there was none, and that there was a separate contract for the work in suit, upon which a separate cause of action arose. It follows from these views that the judgment in the former action is not a bar to the plaintiffs' right of recovery in the present suit.

The appellant seeks, furthermore, a reversal of the judgment for alleged error in the admission of evidence. We have not been referred to any specific exception, the appellant merely calling attention, generally, to all exceptions taken upon such subject, doubtless hoping thereby that the court, in the course of its examination of the record, would discover some ground for reversal. As in duty bound, we have examined with great care the exceptions referred to, as well as all others noted upon the trial, and fail to discover any substantial error which would require the reversal of the judgment.

The judgment should therefore be affirmed, with costs.   All concur.