Farmers' & Merchants' State Bank, Appellant, v. School Township of Rock Creek, Jasper County, Iowa.

School Township Indebtedness: CONTINGENT FUND. Section 2783, 1 Code 1897, permits a school board to charge the contingent fund with an indebtedness in excess of the unappropriated money on hand.

Acts of School Board: PRESUMED LEGAL. The acts of a school 2 board in contracting indebtedness are presumed lawful until the contrary is shown.

Appeal: TIME FOR PERFECTING. Appeal may be taken within six 3 months from final judgment, although the judgment is based on a ruling on demurrer made more than six months before the taking of the appeal.

Pleading: WITHDRAWAL OF WAIVER. The court may in its discre- 4 tion, allow a party to withdraw a request for leave to amend and stand on his pleading which has been held insufficient on demurrer.

*Appeal from Jasper District Court.*—Hon. A. R. Dewey, Judge.

Thursday, December 18, 1902.

Action on a school order by the assignee thereof. A demurrer to plaintiff's petition was sustained, and judgment rendered against it for costs, from which it appeals. —*Reversed.*

*C. O. McLain* for appellant.

*Haines & Lyman* for appellee.

McClain, J.—The order sued on was for $225, payable out of the contingent fund for charts, and duly executed by the officers of the defendant. It bore date, however, in 1. School townJanuaryalthoughbyitstermsitwasnottobeShips indebtedness: conduntilNovember.Thedemurrerwhichwastingent fund.sustained was on the ground that the order created a debt payable out of the contingent fund, and was therefore invalid. This objection, no doubt, would have been good under the provisions of section 1729 of the Code of 1873, but in this respect the law was changed by the adoption of the Code of 1897, section 2783 of which authorizes the purchase by school boards of books, maps, charts, and apparatus for the use of the schools thereof, to an amount not exceeding $25 in any one year for each schoolroom under its charge. To this extent, unquestionably, the school board, like the governing body of any municipal corporation, has the authority to contract indebtedness. The inability of a school board to charge the contingent fund beyond unappropriated money on hand, which has been recognized in prior decisions of this court, grew out of the express limitations of the section of the Code of 1873, above referred to; and, since the omission of this limitation, no such restriction exists. This has been expressly decided in the recent case of *Hanna v. Wright* 116 Iowa, 275.

It is contended, however, for appellee, that the order is for a larger amount than authorized by the section of the Code of 1897 above referred to. It is to be noticed 2. Acts of schoolthatthe school board may contract indebtedboard: presumed legal.ness to an extent not exceeding $25 for books, charts, etc., for each schoolroom under its control, and it does not appear that the number of schoolrooms under the control of the board of the defendant township was not sufficient to warrant the amount of indebtedness incurred. The officers of the defendant are to be presumed to have acted lawfully, and, until it is shown that the order is in

excess of the amount of indebtedness which the school board might contract for the purpose, it must be presumed to be valid.

Counsel for appellee insist, however, that the appeal in this case was not taken within proper time.   It appears that on the 5th day of December, 1900, the case was submitted to the court on defendant's demurrer, which was on that day sustained, and plaintiff was given until a later day to amend his petition; that on the 27th day of December the case came on for further hearing, and the court ordered that the part of the previous order granting leave to amend be vacated, and entered an election of plaintiff to stand on the petition and exception to the ruling sustaining the demurrer, and on that date the cause was dismissed, and judgment entered against plaintiff for costs, to which, also, the plaintiff duly excepted.   The appeal was perfected on the 24th day of June thereafter.   It will thus be seen that the time for perfecting the appeal was within six months of the final judgment, but more than six months after the entry of the first ruling on the demurrer.   The action of the court in sustaining the demurrer was not a final judgment, and although the plaintiff might have appealed theref. om as an intermediate order, under Code, section 4101, paragraph 3, it was not bound so to do, and might properly wait until final judgment was rendered.

*3. Appeal: time for perfecting.*

As to the contention that taking leave to amend was a waiver of error in ruling on the demurrer, it is sufficient to say that it was within the discretion of the court to allow the plaintiff to withdraw its request for such privilege and stand on its petition.

*4. Pleading: withdrawal of waiver.*

The judgment of the lower court for the defendant, based on the sustaining of defendant's demurrer and the election of plaintiff to stand on its petition, was erroneous, and, having been appealed from within proper time, it is REVERSED.