COPLAN, Appellant, v. EASTWOOD et al., Respondents.

(145 N. W. 431.)

**Appeal—Right of Appeal—Order to Amend After Judgment on Demurrer—Waiver.**

> Plaintiff, by obtaining an order granting him leave to amend his complaint, after judgment on demurrer dismissing the action, elected to abide by the ruling on demurrer, and waived his right to appeal from that part of the order sustaining the demurrer, though he did not actually amend under the leave granted; since, by taking leave to amend he indicates an intent to abandon his former position, and to abide by the ruling granting leave.

(Opinion filed February 18, 1914.)

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Action by John Coplan against Lydia E. Eastwood, and others. From an order sustaining a demurrer to the complaint, plaintiff appeals. Appeal dismissed.

*Hanten & Hanten,* and *Perrett F. Gault,* for Appellant.

Right to appeal from the ruling on the demurrer not waived by appellant.

The election to amend occurs when the amended pleading is filed. O' Halloran v. Marshall, 35 N. E. 926.

Until the amended pleading has been filed, there is clearly no waiver. Id.

Respondent attempts to draw an extremely attenuated distinction tween taking leave to amend and granting leave to amend. Other things besides matters of law must be considered before determining whether to carry up to this court a ruling on a demurrer. It has been the settled interpretation of these provisions in this and other circuits, that the election occurs when the amendment is made or the appeal taken, until that actually occurs the party may avail himself of either privilege.

In the case at bar appellant did not file an amended complaint, nor did he tender any, or even offer to amend in any way.

*George H. Marquis,* for Respondents.

The plaintiff has waived the error, in sustaining the demurrer. The force and effect of the plaintiff's application to the trial Court for, and his obtaining on his own motion and request the order of September 18th modifying the order of September 2nd by striking therefrom the words "ordered that the defendants have judgment hereon dismissing this action with costs," and giving the plaintiff leave to serve and file an amended complaint, was equivalent to and constituted an application on the plaintiff's part for and an order thereon giving the plaintiff leave to amend his complaint, and the plaintiff thereby took leave to amend, and by so taking leave to amend, waived the error, if there was error, in sustaining the demurrer. Miller v. McCormick Harvesting Machine Co., 84 Ill. App. 571; Morrill v. Casper et al., (Okl.) 73 Pac. 1102.; Berry v. Barton, 12 Okl. 221, 71 Pac. 1074, 66 L. R. A. 513.

In order to take advantage of a ruling on a demurrer, where the demurrer is sustained, the party must stand upon his pleading held to be defective, and not amend or offer to amend. Board v. Beauchamp, (Okla.) 88 Pac. 1124. Easton v. Woodbury, 71 S. C. 250, 50 S. E. 790.

There is very obvious distinction between being granted the leave and taking the leave. It is the practice in some of the circuits for the trial court, where it considers a pleading demurrable, but amendable, to grant the permission to amend on stated terms.

within a fixed period in its order sustaining a demurrer, and often the attorney for the party demurring adds to the order prepared by him for the court sustaining the demurrer the leave to amend, without any direction from the court so to do, or request from the other side for such leave. In such cases the party against whom the ruling was made cannot be said to have taken permission, although it has been granted, and if he does not take advantage of the permission granted unasked, it may be said for him, as was said in Dagget v. Flanagan, 78 Ind. 253, quoted from O'Halloran v. Marshall, "No act was done by appellant which can be construed into an abandonment of his exception."

The original order was the same in effect as that in Iowa and Dakota Tel. Co. v. Schamber, State Treasurer, 15 S. D. 588, 91 N. W. 78.

It was the duty of the plaintiff's attorney in this case, if plaintiff desired to stand upon his complaint, to let the original order remain as it was when entered, and not consume the time of the court by a motion for a modification of such order to permit him to amend. Tripp v. City of Yankton, (on rehearing). 11 S. D. 353, 77 N. W. 580.

WHITING, J. This is an appeal from an order sustaining a demurrer to plaintiff's complaint. Such order, as originally made and entered, after sustaining the demurrer, further read: "Ordered: that the defendants have judgment hereon dismissing this action, with costs." Plaintiff then moved the court for an order striking from such order the words quoted, and inserting "a provision that plaintiff be granted leave to amend his complaint within such reasonable time as the court may fix." The court granted plaintiff's motion and made and entered an order modifying its former order and granting leave to amend; plaintiff failed to amend, and, within the time allowed for amendment, plaintiff appealed from the original order sustaining the demurrer.

Respondents contend, and we think correctly, that appellant, by asking and obtaining the order granting him leave to amend his complaint, elected to abide by the ruling of the trial court, and by such election lost his right to appeal from that part of the order which sustained the demurrer. It is unnecessary for us to review the matters set forth in the affidavits filed on the motion asking the court to amend its first order; it is immaterial whether the

trial court found with plaintiff or defendant upon the issues of fact raised by such affidavits; the material thing is: The plaintiff saw fit to ask for leave to amend, and such leave was granted. The granting of such leave rested in the discretion of the trial court— appellant could not demand it as a matter of right. There was no reason for plaintiff to seek a modification of the order sustaining the demurrer unless he desired to amend. Attorneys for plaintiff must be presumed to know the law of their case, and therefore to know whether they desired to rest on their former pleading, or desired to confess the demurrer by pleading over; their request for leave to amend was an expression of their election. Appellant contends that there could be no election until there was an actual pleading over; but, as was well stated in Berry v. Barton, 12 Okl. 221, 71 Pac. 1074, 66 L. R. A. 513: "But it is argued that in this case the defendants did not plead over, and therefore they are in a position to urge as error the sustaining of the demurrer. This position cannot be sustained. It is true that nearly all of the cases state that, by pleading over after a demurrer has been sustained, a party waives the error, if any has been committed by the court in such ruling. The rule not only applies where the party actually pleads over, but also where he takes leave to plead over after a demurrer has been sustained to his pleading. It is the intention of the party as indicated by his acts, at the time, which fixes his standing in court. By taking leave to amend he thereby indicates his intention to abandon his former position and to draft his pleading upon a different theory, or to state his cause of action in different language. By taking leave to amend, he admits the insufficiency of the pleading, and he is bound by his own conduct, and cannot afterwards take advantage of it. Any other rule would permit delays, under the guise of a desire to submit to the ruling of the court and amend, when in fact the party had no intention of amending."

In Hurd et al. v. Smith, 5 Colo. 233, the court said: "A demurrer was sustained as to the second, third, fourth and fifth defenses, and overruled as to the first and sixth. The defendants stood by their fifth defense, and took leave to amend as to the others. This action waived their right to assign error on the action of the court in sustaining the demurrer, except as to their fifth defense."

A case peculiarly analogous to the case at bar is that of Clement v. Dean, 51 S. C. 317, 28 S. E. 942, wherein the trial court announced that it would sustain the demurrer to the complaint, and plaintiff moved to be allowed to amend his complaint. After considering such motion the court entered an order sustaining the demurrer but granting plaintiff leave to amend. The court used the following words which are directly applicable to this case—this appeal having been taken before the expiration of the time granted for amendment: "There is nothing in the record to show whether the plaintiff has or will accept or decline the privilege granted him to amend, and, in the absence of any such showing, we are bound to assume that the plaintiff either has or will accept the privilege which he himself asked for. If he has already done so, or will hereafter do so, then the question whether there was error in sustaining the demurrer to the complaint as originally framed becomes a purely speculative question, which this court will not consider; for in that event the complaint will be different from that which has been adjudged open to demurrer, and will doubtless contain such allegations, the absence of which afforded grounds for the demurrer." Morrill v. Casper, 13 Okla. 335, 73 Pac. 1102; Doyle v. City of Sycamore, 193 Ill. 501, 61 N. E. 1117.

We think the principle involved herein is the same as that underlying the decision in Sun Printing & Pub. Ass'n v. Abbey Salt Co., 62 App. Div. 54, 70 N. Y. Supp, 871, wherein the court said: "After the orders striking out a portion of the defendant's answer and directing judgment had been made and entered, the defendant, upon the basis of these orders, applied to, and obtained from the court, at Special Term, leave to serve an amended answer correcting the defects alleged to have existed in the answer originally served. The application was addressed to the discretion of the court, and when leave was given, it was as a favor to the defendant. Having obtained this favor by reason of the existence of such orders, the defendant was thereafter precluded from appealing from them. It could not accept a favor from the court by reason of their existence and thereafter assert that the orders had been improperly made, or be heard to question their validity."

We have not overlooked the cases of West v. Wright, 98 Ind. 335, and O'Halloran v. Marshall, 8 Ind. App. 394, 35 N. E. 926, wherein appellant's position is sustained, but we think the follow-

ing of such holding would tend to delay the final disposition of cases, and to encourage careless preparation of cases.

Nothing we have said herein should be construed as holding that where the trial court of its own motion, in making and entering an order sustaining a demurrer, inserts in such order a provision granting the right to plead over, the party against whom such ruling upon demurrer was made could not appeal from such order regardless of such permission to plead over. Neither do we want to be understood as holding that, even where, as in this case a party had sought leave to plead over, he could not afterwards, as was done in Farmers,' etc., v. School Twp., etc., 118 Iowa, 540 92 N. W. 676, procure from the trial court an order allowing him, after he had procured such leave to amend, to withdraw his request for such leave, to stand on his pleading, and consequently to appeal from the order sustaining the demurrer.

Upon the dismissal of this appeal it will still be within the sound discretion of the trial court to grant further time within which appellant may serve and file an amended complaint.

The appeal is dismissed.