## NEILSON v. CHICAGO & N. W. RY. CO.

Where appellant fails to serve his abstract and brief in compliance with Supreme Court rule 7 (22 S. D. p. 3, S. C. R., 124 N. W. vii), providing that, within 30 days after service of notice of appeal, appellant shall serve upon the adverse party a copy of his abstract and file copies thereof with the clerk of the Supreme Court, and rule 10 (page ix), that he shall within the same time serve a copy of his brief and file copies thereof with the clerk of the Supreme Court, and, in response to an order to show cause why his appeal should not be dismissed, files an affidavit attempting to excuse failure of service of the abstract and brief, not within the time prescribed by Supreme Court rule 22 (22 S. D. p. 12, S. C. R., 124 N. W. xi), providing that, within 6 days after service of moving papers upon an adverse party desiring to resist the motion by affidavits, he shall serve upon the moving party copies of all such affidavits except those already served in the case, and shall file with the clerk complete copies of all papers in resistance of the motion, and fails to file any copy of his papers with the clerk, the appeal will be dismissed, especially where it also appears that appellant's brief has never been served or filed.

(Opinion filed, Feb. 15, 1911.)

Appeal from Circuit Court, Spink County; Hon. ALVA E. TAYLOR, Judge.

Action by Peter Neilson against the Chicago & Northwestern Railway Company. Judgment for defendant, and plaintiff appeals. Dismissed.

*N. P. Bromley,* for appellant. *A. K. Gardner,* for respondent.

McCOY, J. This cause was tried and a verdict directed in favor of defendant in the circuit court for Spink county on May 21, 1909. On the 6th day of August, 1910, almost one year and three months thereafter, the bill of exceptions was settled, over the objections of respondent that the time to settle the same had long

since expired. Notice of appeal was served August 19, 1910. On November 4, 1910, respondent procured an order to show cause why said appeal should not be dismissed, on the grounds, among others, that the abstract and brief of appellant had not been served or filed in accordance with Supreme Court rules 7 and 10 (22 S. D. 3, 7, 124 N. W. vii, ix), providing that within 30 days after the service of notice of appeal appellant shall serve upon the adverse party a copy of the abstract and brief, and file copies thereof with the clerk of this court. This order to show cause was served on appellant on November 7, and was made returnable on November 19, 1910.

On November 17th appellant filed with the clerk of this court an affidavit attempting to excuse the failure of service of the abstract and brief. But this affidavit cannot be considered, for the reason that Supreme Court rule 22 (22 S. D. p. 12, S. C. R., 124 N. W. xi) has not been complied with, which provides as follows : "Within six days after service of moving papers upon an adverse party, such adverse party, if he desires to resist such motion by affidavits or other documents shall serve upon the moving party copies of all such affidavits, papers or documents, except files and records already served in the case, upon which he will rely in resisting such motion. * * * The respective parties shall, prior to the time of hearing, prepare and file with the clerk eight complete copies of all moving papers and all papers in resistance thereof." No service of the resisting affidavit was ever made. Neither were eight copies thereof prepared and filed with the clerk. It also appears that appellant's abstract was served October 20, 1910, and that his brief has never been served or filed. Appellant since the hearing has made and filed an affidavit for the purpose of excusing his defaults, but the same is wholly insufficient in substance. Neither were eight copies thereof filed with the clerk.

The appeal is dismissed.