HOLLISTER, Respondent, v. SWEET et al., Appellants.
SNELSON, Respondent, v. SWEET, Appellant, and HOLLISTER, Respondent.

(142 N. W. 255.)

1. **Specific Performance—Part Performance of Oral Contract—Equities—Fraud.**

One furnishing material and advancing money to pay for labor for repair of a house under an oral agreement that he shall receive a mortgage on the lots on which the repaired house stands, securing such advances, is entitled to a decree of specific performance requiring execution of such mortgage to secure actual advances, not upon the oral contract alone, but upon equities arising from the acts of the parties thereunder; it appearing that the party relying thereon has placed himself in a position where refusal to perform by the other party amounts to a fraud.

2. **Specific Performance—Enforcement by Alleged, Beneficiary—Security for Advances—Lien on Homestead.**

Where a lumber dealer advanced money and material toward payment for labor and material for repair of a house, under an oral agreement with the owner, provided that a

certain contractor was given the contract for repairs, and that such advances should be secured by note and a mortgage on the premises; there being a balance still due the contractor under his contract with the owner; **held,** it was error for the court, in actions by the dealer to require giving of the mortgage, and by the contractor to recover the balance due him, and for a mechanic's prior lien under the dealer's contract, which were consolidated on trial, to decree that the mortgage by owner should secure balance due contractor, and to require dealer to pay such balance to contractor, the dealer not being personally liable to him, and no proof being made that the dealer's contract was expressly made for benefit of the contractor, so as to bring the case within Sec. 1193, Civ. Code; the contract being for benefit of the dealer, and such balance due contractor not being a lien on the premises, which were defendant's homestead.

(Opinion filed June 24, 1913. Rehearing denied August 28, 1913.)

Appeal from Circuit Court, Kingsbury County. Hon. ALVA E. TAYLOR, Judge.

Action by A. E. Hollister against Mary V. Sweet and another, for specific performance of an agreement to execute to plaintiff a realty mortgage securing certain advances to pay for labor and materials for repairs of defendant's house; and another action by H. W. Snelson against said Mary V. Sweet and said Hollister, for balance due plaintiff from Sweet for labor on said house, and to enforce a mechanic's lien on said premises in plaintiff's favor, and to have such lien decreed to be prior to Hollister's mortgage; the two actions being consolidated on the trial. From a decree in favor of plaintiffs, and from an order denying a new trial, defendants Mary V. and Matilda Sweet appeal. Modified, and, as modified, affirmed.

*Null & Royhl,* for Appellants.

There was no authority for Mrs. Hollister paying any money to the contractor, and there was no agreement by which Mrs. Hollister was to have a mortgage for materials. There was no agreement by which Hollister was to pay appellants' debts and then bring in the bills and take a mortgage. He was to loan them $1,500 with which they could pay their own bills. The agreement for the loan is not an agreement that can be specifically enforced.

A lien upon land cannot be created by direct oral agreement. Tucker v. Ottenheimer, 46 Or. 585, 81 Pac. 360.

When Hollister furnished the material, she did so under some agreement express or implied, that Snelson would pay for the same. Appellants were in no wise obligated to Hollister for materials so furnished, except that Hollister would be protected by the mechanic's lien statute.

It also appears that Hollister paid the contractor certain money. The testimony, however, shows that this was done without authority from these appellants.

*Gardner, Fairbank & Churchill,* for Respondents.

Respondents are entitled to the decree specifically enforcing their contracts, and to deny this relief would enable appellants to perpetrate a fraud upon respondents. Baker v. Baker, 2 S. D. 261; Dean v. Anderson, 34 (N. J. Eq.) 496; Foster Lumber Co. v. Harlan Bank, (Kan.) 80 Pac. 49; Irving v. Armstrong (Minn.) 17 N. W. 343; Hicks v. Turch, (Mich.) 40 N. W. 339.

These contracts were, so far as respondents, Hollister and Snelson, are concerned, fully executed.

Respondents, relying upon an oral contract, advanced a large sum of labor, material and money in the improvement of appellants' property and fully executed their part of the contract; and appellants refused to perform their part of the contract by giving the note and mortgage. Under such circumstances, it is clearly within the power and becomes the duty of a court of equity to grant relief, and to protect the respondent from the fraud which appellants would practice upon them. Baker v. Baker, supra, and the other cases cited.

Specific performance should be denied in this case. The relief is within the discretion of the court. Where the party has other ample remedy, the relief will be denied. Brown v. VanWinkle, 141 Ala. 580, 39 S. W. 243, 6 L. R. A. (N. S.) 585.

Whether or not the homestead is subject to the process of the court in an action for specific performance, is a serious question under our Constitution and statutes. However, the remedy being in the discretion of the court, a decree ought not to be granted requiring the conveyance or incumbering of the homestead unless absolutely necessary to protect the plaintiff from an unconscionable fraud.

Hollister had her remedy against the contractor Snelson for all materials supplied him on this job. There are no facts found by the court which make specific performance the sole means by which Mrs. Hollister can secure compensation.

WHITING, P. J.    Plaintiff Hollister brought an action against defendants Mary V. Sweet and Matilda Sweet, seeking the specific performance of an agreement whereby said defendants' had agreed to give plaintiff a note and real estate mortgage to secure certain advances to be made, and which it was alleged had been made by said plaintiff. Plaintiff Snelson brought another action against Mary V. Sweet and against Hollister, the plaintiff in the first-mentioned action, seeking to enforce a mechanic's lien which he claimed against real estate of Mary V. Sweet. Defendant Hollister was made a party to this second action for the purpose of having said mechanic's lien declared prior to any claim of Hollister against said land; the land being part of the land against which Hollister in her action was seeking to be decreed a mortgage lien. Snelson did not seek a personal judgment against Hollister. The two causes being pending at the same time, they were, by agreement of the parties and order of the court, consolidated and tried as one cause. Such trial was had before the court without a jury. The court made findings of fact which, so far as material to this appeal, were in substance as follows: Defendant Mary V. Sweet was the owner of two certain lots in Iroquois, S. D., and with her sister—the defendant Matilda Sweet —lived upon said property. Plaintiff Hollister was the owner of and ran a lumber yard at Iroquois; the same being managed by S. W. Hollister, her husband. Mary V. Sweet entered into an oral contract with plaintiff Hollister through her husband, under which Hollister agreed, provided plaintiff Snelson secured the contract for rebuilding the house upon her lots, that she would furnish said Mary V. Sweet the sum of $1,500 with which to pay for the necessary material and labor for the rebuilding of said house. Mary V. Sweet agreed to borrow said money from Hollister for said purpose, and, to secure Hollister for said amount, agreed to give her note for $1,500 payable on or before five years from the date thereof with interest at 10 per cent. per annum, payable annually, and further agreed to secure said note by a first mortgage on the lots upon which the house stood. Mary V. Sweet

entered into a contract with plaintiff Snelson, whereby he agreed to rebuild the house, and to furnish all material therefor for the sum of $1,500, this contract being in writing and known to the plaintiff Hollister, who in her oral contract with Mary V. Sweet agreed to furnish the material required for the building and to advance the amount for the labor in all not exceeding the $1,500. Snelson completed the house August 12, 1909, at which time defendants took possession, and have since been living therein. Hollister furnished material, all of which was used in the construction of said house, and was of the value of $648.53. She also paid the contractor, Snelson, for his labor the sum of $358.40. This material was furnished and money paid before defendant Mary V. Sweet notified Hollister not to pay any further labor bills or any further amounts to said Snelson. During the time the house was being built, the material furnished, and labor paid for, defendants lived upon the same lots, saw the house being constructed, and knew that material was being furnished by plaintiff and the labor being paid for by plaintiff. Hollister acted in good faith in carrying out her contract with the defendant Mary V. Sweet until she was stopped by Mary V. Sweet from making further payments. Hollister is now ready, willing, and able to complete said contract, and to furnish the full sum of $1,500 agreed upon. Snelson in building said house furnished material in the sum of $6.50, which was not included in the contract with defendant Sweet. Snelson failed to complete the house in accordance with said contract, and, owing to such failure, was entitled to $285 less than the contract price, leaving a balance due Snelson from defendant Mary V. Sweet of $214.57, with interest from August 12, 1909, to the time the findings were made —in all, the sum of $232.07. As conclusions of law the trial court found that plaintiff Snelson is entitled to recover $232.07 from defendant Mary V. Sweet, *and that said amount should be paid by Hollister to Snelson under the contract above referred to;* that Hollister is entitled to a decree giving her a first mortgage upon the property for $1,006.93 and interest at 7 per cent. making $1,089.60, *and also for the $232.07 yet due Snelson,* or a total of $1,321.73, the same to be due in five years from October 11, 1910, the date of the findings, with interest at 10 per cent. per annum

from said date, and that plaintiffs Hollister and Snelson are entitled to judgment for their costs in said suit.

Upon these findings and conclusions decree entered against Mary V. Sweet, the decree conforming to such conclusions except that under such decree the $1,321.73 was to bear interest from the 12th day of August, 1909, instead of the 11th day of October, 1910, thus doubling interest between August, 1909, and October, 1910. Mary V. Sweet moved for a new trial. Her motion being overruled, she appealed to this court, assigning as error certain of the findings, the conclusion of said court to the effect that said plaintiff Hollister should pay to Snelson the said sum of $232.07, and that said sum should be added to the amount due Hollister and included in the decree herein, the granting of any decree in favor of Hollister, and the denial of appellant's motion for a new trial.

We have carefully considered the assignments relating to the insufficiency of the evidence to support the findings, and are satisfied that such findings are fully supported by such evidence, and further that no useful purpose could be subserved by a review of such evidence.

[1] The only question remaining for our consideration is whether or not Hollister was entitled to a decree requiring Mary V. Sweet to specifically perform the contract, and, if entitled to such decree, for what amount it should secure her. A right to specific performance cannot rest upon the oral contract merely, but rather upon equities growing out of what has been done under and by virtue of such oral contract, whereby the party relying thereon has placed himself in a position where a refusal of performance by the other party amounts to a fraud. We think, under all the authorities, respondent Hollister was clearly entitled to a decree requiring appellant to give her a note and mortgage covering the value of the material furnished as well as the money appellant had advanced to Snelson. Baker v. Baker, 2 S. D. 261, 49 N. W. 1064, 39 Am. St. Rep. 776; Dean v. Anderson, 34 N. J. Eq. 496.

[2] We can see no ground upon which the trial court can be sustained in decreeing that Hollister should pay Snelson the balance due Snelson, and that said sum should be included in the decree in favor of Hollister; no reason for including this sum has

been suggested by respondent. If the facts were such as would have entitled Snelson to have brought an action against Hollister and recovered this amount—basing his right to recovery upon the contract between Hollister and Sweet—the situation would be entirely different and the court might have been warranted in protecting Hollister against such a liability.

Snelson made no personal claim against Hollister, and, moreover, under the facts proven and under the findings of this court, he had no legal claim against her. Even disregarding that provision of our statute of frauds (section 1238, Civ. Code) declaring invalid an oral agreement to answer for the debt, default, or miscarriage of another, and treating the contract between Sweet and Hollister as though it had been in writing, yet section 1193 of the Civil Code provides: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." And this court held in Fry v. Ausman, 135 N. W. 708, 39 L. R. A. (N. S.) 150, that in order for a third party, who claims that a contract has been made for his benefit, to recover under said contract of the promisor therein, it must appear, as stated in the statute, that such contract was made "expressly for the benefit of a [such] third party." In the case before us, not only was there no finding that the said contract was made expressly for the benefit of Snelson, but it clearly appears that the evidence would not support any such finding, it appearing therefrom that the condition in said contract—under which Sweet was to have Snelson repair said house—was one made for the benefit of Hollister rather than Snelson.

[3] Both Hollister and Sweet have alleged that the real estate in question is the homestead of appellant. That being true, there could be no mechanic's lien arising in favor of Snelson against which Hollister could claim a right to protection in equity. Hollister not being personally liable to Snelson and Snelson not having any right to a lien against this property, there existed no equities arising in any manner under and by virtue of the oral contract that entitled Hollister to a decree authorizing her to pay the balance due Snelson and to hold a lien therefor.

It follows that the judgment appealed from should be modified by striking from the provision directing Hollister to pay Snelson

the said sum of $232.07, and by reducing the amount for which
Hollister should be decreed a lien to $1,006.93, the amount of
materials furnished and money paid, which sum should bear in-
terest at 10 per cent. from August 12, 1909. ·

And so modified the judgment is affirmed without costs.