JENSEN, Appellant, v. GRIFFIN et al, Respondents.

(190 N. W. 319.)

(File No. 5053.    Opinion filed October 27, 1922.)

1.  **Mechanic's Liens—Homestead—Intent to Establish Homestead at time of Building House Precludes Attachment of Mechanic's Lien.**

    If it is the intention, at the time labor and material for a house are contracted for, that the house when finished shall be the owner's homestead, mechanics' liens and materialmen's liens do not attach unless acts estopping the owner from asserting his homestead rights are shown by the lienors.

2.  **Appeal and Error—Law of the Case—Point Determined on First Appeal Becomes the Law on Second Appeal.**

    Where on a first appeal it was determined that if, at the time of commencing a house it was intended that it should be a homestead mechanics' liens did not attach, that decision is the law of the case on a second appeal.

3.  **Homestead—Mechanic's Lien—Mechanic's Lien Law Does Not Modify or Repeal Homestead Law.**

    Rev. Code 1919, Secs. 1643 and 1657, providing for mechanics' liens and the removal of buildings to satisfy the same, are neither a modification or repeal of the Homestead Law.

Appeal from Circuit Court, Miner County; Hon. Alva E. Taylor, Judge.

Action by J. N. Jensen against Richard Griffin and others, to enforce a mechanic's lien. From a judgment ' for defendants, plaintiff appeals. Affirmed

*Null & Royhl,* of Huron, for Appellant.

*Caldwell & Caldwell,* of Sioux Falls, for Respondents.

SHERWOOD, J. [1] For the third time this case is before us on appeal. In the former opinions found in 32 S. D. 613, 144 N. W. 119, 50 L. R. A. (N. S.) 1128, and 41 S. D. 30, 168 N. W. 764, the facts are fully stated.

In this appeal no new evidence is before the court. The only question is upon the application of the law to the facts as found by the court below.

The trial court found that the two homestead claimants, Richard Griffin and Beatrice A. Griffin—

"intended at the time the labor and material for said house were contracted for, to use and occupy said house when it should be constructed as and for a residence. for themselves and their family; that long prior to the time when the said Griffins began the erection of said house they had intended to erect a house on said lot 'one' to be used as their home, and that this intent had not been abandoned at any time prior to the commencement of this action."

[2] In 41 S. D. we said, when this case was before us on the former appeal:

"If at the time of contracting for the material for the new house * * * both husband and wife intended that the new house should be their home, then the liens never attached to either building or land * * * unless acts of estoppel were proven, which [appellant] has the burden of showing."

This decision is the law of this case on this appeal. Wright v. Lee, 10 S. D. 263, 72 N. W. 895.

No act or acts of estoppel have been shown, as the lower court found that Richard Griffin and his wife, who owned the homestead, intended at and before they contracted for the labor and material to build this new house to make such house and the lot on which it was situated their homestead. Therefore these mechanic's liens never attached to either the lots or the buildings

thereon. Jensen v. Griffin et al, 41 S. D. 30, 168 N. W. 764; Hollister v. Sweet et al, 32 S. D. 141, 142 N. W. 255; Chas. Betcher Co. v. Cleveland, 13 S. D. 347, 83 N. W. 366; Kingman v. O'Callaghan, 4 S. D. 628, 57 N. W. 912.

[3] The other assignments of error are without merit. Rev. Code 1919, §§ 1643, 1657, neither modify nor repeal the homestead law.

The judgment of the lower court is affirmed.

GATES, P. J., not sitting.

Note—Reported in 190 N. W. 319. See American Key-Numbered Digest, (1) Mechanics' Liens, Key-No. 14, 27 Cyc. 28; (2) Appeal and Error, Key-No. 1099(3), 4 C. J. Secs. 3075, 3088; 2 R. C. L. 223; (3) Homestead, Key-No. 3, 29 C. J. Sec. 19; 18 R. C. L. 888.