WILSON, Appellant, v. HAYES-LUCAS LUMBER COM-
PANY, et al., Respondents.

(207 N. W. 155.)

(File No. 5666.    Opinion filed February 8, 1926.)

1.  **Appeal and Error—Court Rules—Motion to Dismiss Appeal, Not Complying With Supreme Court Rule, Not Considered.**

    Motion to dismiss appeal, appearing only in brief, without waiver or order to show cause being anywhere found in the record, fails to comply with Supreme Court rule 21, and cannot be considered.

2.  **Mortgages—Mechanic's Lien—Lien of Materialman in Buildings Held Superior to Lien of Mortgage.**

    Where mortgagee's promise to furnish money for buildings induced materialman to furnish lumber to mortgagors, and failure so to furnish money was, in view of Rev. Code 1919, Sec. 817, subd. 1, a constructive fraud on mortgagors and materialman, barring mortgagee, under sections 1547, 1657, from claiming superior lien, held that, as to mortgagee, and those claiming under him with knowledge of facts, and those obtaining title to mortgage after actual beginning of buildings, interest of materialman was superior to mortgage lien.

3.  **Evidence—Presumptions—Delivery—Presumption that Mortgage Was Assigned and Delivered on Day It Bore Date Held Over-come.**

    Where no finding was made as to date mortgage was as-signed and delivered, but court did find that assignment was dated January 31, 1918, but was not filed until October 21, 1921, and that mortgage was not filed until February 8, 1918, presumption that mortgage was assigned and delivered on day it bore date was overcome.

4.  **Mortgages—Notice—Plaintiff Held Not a Bona Fide Purchaser of Mortgage.**

    Where failure of mortgagee to pay for building on land was in view of Rev. Code 1919, Sec. 817, subd. 1, and sections 1647, 1657, a constructive fraud on mortgagors and material-man, and mortgage was not assigned to plaintiff nor filed, until after buildings were begun, held, in view of Sec. 1646, plaintiff was not a bona fide purchaser, and stood in no better position than his assignor, as to lien for materials.

**5.   Homestead—Mechanic's Lien—Waiver—Agreement Held to Waive
Homestead Rights So as to Make Mechanic's Lien a First Lien
on Buildings.**

Where mortgagors, by proper written instrument, waived
homestead rights in buildings on land to materialman, and
latter agreed, if it was decreed a first lien thereon as against
assignee of mortgage, with right to sell, and did sell or remove
them or otherwise obtain value thereof, it would release its
judgment against mortgagors, **held** that, in view of Rev. Code
1919, Sec. 1644, and amendment thereof by Laws 1921, c. 280,
such agreement waived homestead rights, so as to permit court
to declare mechanic's lien a first lien.

Campbell, J., dissenting.

Appeal from Circuit Court, Aurora County; Hon. Frank B.
Smith, Judge.

Action by Walter L. Wilson against the Hayes-Lucas Lumber
Company and others. From a judgment for named defendant,
plaintiff appeals. Affirmed.

*Chas. R. Hatch,* of Wessington Springs, and *Null & Royhl,*
of Huron, for Appellant.

*Sterling, Clark & Grigsby,* of Redfield, for Respondent.

(2) To point two of the opinion, Appellant cited: Montrose
Hardware Co. v. Investment Co., 50 Pac. 204; Hoagland v. Lowe,
55 N. W. 197.

Respondent cited: Lumber Co. v. Janisch, 44 S. D. 42.

(5) To point five, Appellant cited: Pinkerton v. Labeau, 3
S. D. 440; Kingman v. O'Callaghan, 4 S. D. 628; Fallihee v.
Wittmayer, 9 S. D. 479; Morgan v. Beuthein, 10 S. D. 650;
Betcher Co. v. Cleveland, 13 S. D. 347; Lumber Co. v. Roberts,
23 S. D. 191.

Respondent cited: Keim v. Rand, 37 S. D. 408.

SHERWOOD, J. [1] A motion to dismiss this appeal ap-
pears in respondent's brief, but not otherwise; no waiver or order
to show cause is anywhere found in the record. The motion fails
to comply with rule 21 of the Rules of this court, and cannot be
considered. State v. Board of Commissioners, 29 S. D. 358, 137
N. W. 354; Neilson v. C. & N. W. Ry. Co., 27 S. D. 96, 129
N. W. 907.

This is an action brought by the owner of land, who claims
his title through the foreclosure of a purchase-money mortgage,

to restrain the sale of the buildings on the land under an execution issued on a decree obtained on the foreclosure of a mechanic's lien for the material furnished in the erection of such buildings.

Judgment was for the defendant, Hayes-Lucas Lumber Company, a corporation, hereinafter called the lumber company, authorizing the sale and removal of the buildings, and plaintiff appeals. The appeal is from the judgment alone. No bill of exceptions was settled. Appellant in his six assignments of error has challenged all the conclusions of law made by the trial court. This requires an examination of all the findings of fact. These findings are very lengthy, covering twenty pages of the abstract; a brief summary of all of them is necessary to an understanding of the case.

The trial court found, in substance, as follows: That, during December, 1917, Frank Smith (one of these defendants) had an interest in a half section of land near Lane, S. D., with authority to sell the same. The land was without buildings, and Jonas Jonassen (another defendant) agreed to buy on condition Smith would furnish him money wherewith he might erect a house, barn, and other buildings on the land. Smith agreed to furnish Jonassen this money to the amount of $3,000 and take a third mortgage on the land for it. On this assurance and agreement, Jonassen agreed to buy the land. The size and character of the buildings and the place on the land where they were to be erected was agreed on between them. During January, 1918, and before the sale was consummated, Smith and Jonas and Bertha Jonassen, his wife, went together to the yard of the Hayes-Lucas Lumber Company, at Lane, and advised the managing agent of the agreement that had been made between Smith and Jonassen, and inquired if lumber could be had from the lumber company to erect the improvements on these premises. Smith then stated to said company that he would furnish money to Jonassen to purchase the material for the improvements to be erected on this land.

After this agreement had been made and communicated to said lumber company, and during the latter part of January, 1918, Smith procured a conveyance of the property to Jonassen, which was filed for record February 5, 1918. Smith took back a first mortgage for $10,000 to Farmers' State Bank of Lane, filed for record February 5, 1918. He also took a second mortgage to him-

self for $9,000, filed for record February 8, 1918, and a third mortgage also to himself, which was filed for record August 16, 1918.

During the first week in February, 1918, Jonassen contracted with the lumber company for the material and began hauling it to these premises and began improvements thereon. Smith never furnished and money. Nothing was paid to the lumber company. Within the time allowed by law, they filed a lien on the land and buildings for $3,629.45.

Smith wrongfully assigned the $3,000 mortgage to Wessington Springs State Bank. It began an action against Smith and Jonas and Bertha Jonassen to foreclose. The lumber company intervened. Smith defaulted. The other parties named appeared. On the trial, decree was entered for defendant lumber company, and against Jonas Jonassen for the amount of its lien in the sum of $4,214.50, and costs, and declaring the mechanic's lien a lien on the land subject to the two mortgages for $19,000 and the homestead rights of the Jonassens in the sum of $5,000, and further declaring the mechanic's lien superior to the lien of both the first and second mortgages on said buildings, and directing the real property and improvements be sold to satisfy interveners' claim. The court adjudged costs in that action against the plaintiff, and ordered the cancellation of its mortgage and the assignment thereof.

This decree was signed January 11, 1922, and is still in full force and not appealed from. It was also found that the money due on the lumber company's lien was for lumber and materials for the construction of the frame house, barn, hog house, and poultry house on this land.

The $9,000 second mortgage was assigned by Smith to this plaintiff by an instrument dated January 31, 1918, but the assignment was not recorded until the 21st day of October, 1921. Default was made in the conditions of this mortgage. It was foreclosed and bid in by plaintiff December 9, 1921. No redemption was made from such sale, and sheriff's deed issued to plaintiff in December, 1922. This mortgage was in the form prescribed by statute, and the mortgagors therein waived all their homestead rights to the mortgagee. Plaintiff is now the owner and holder of this land.

On September 30, 1922, the Jonassens, by an instrument in writing, waived all their homestead rights to the premises described in this complaint and in the decree of the lumber company, above referred to, and also waived such right in their answer and in their evidence given at the trial of the instant case.

The buildings have a value separate from the land, and can be removed without injury to the freehold. The buildings are so constructed and attached to the premises they cannot be severed and removed from the land without material injury to such buildings.

The first question we are to decide is, Do the foregoing findings of fact, considered in the light of all the presumptions of law arising from them, and all the inferences and deductions naturally and logically flowing from them, fairly support the conclusions of law drawn by the trial court? In other words, has the court correctly applied the law to the facts he has found?

Appellant's six assignments of error sufficiently state these conclusions of law, and the errors appellant assigns to each of them, and are as follows:

I.   Error in concluding that the mechanic's lien of defendant lumber company upon the frame house, barn, hen house, and hog house was superior to any claim or right of plaintiff.

II.   Error in concluding that the homestead rights of Jonassen and wife not being asserted against said buildings, the plaintiff herein has no claim against them.

III.   Error in concluding that defendant lumber company has a lien upon the buildings on the premises paramount and superior to any claim of the plaintiff, and a right to sell said buildings apart from the realty on which they are situated, and remove same from the premises.

IV.   Error in awarding defendant lumber company a decree denying plaintiff the relief prayed for.

V.   Error in not finding the value of the premises involved herein, although requested by plaintiff to make such finding.

VI.   Error in entering judgment for the lumber company for all the reasons herebefore set forth.

[2]   It is plaintiff's contention, under assignment No. 1: First, that the court has found defendant lumber company had

actual knowledge that the $9,000 second mortgage was given as a purchase-money mortgage before it sold the lumber to Jonassen, and therefore its rights were subject to said mortgage. We think it may be conceded the findings of fact show the lumber company had either actual knowledge or sufficient notice to put it on inquiry concerning plaintiff's mortgage before they sold the lumber to Jonassen; but, from the facts found by the trial court, including the logical deductions to be fairly drawn from such facts, it clearly appears that Smith's promise to furnish the money to pay for the buildings, made to the Jonassens, and later made again, in the presence of the agent of the lumber company, at the time the three went to the yard to see if they could get the company to furnish the lumber to Jonassen on credit, together with Smith's promise, made direct to the lumber company at the same time,, and to the same ffect, was the inducing cause which led them to furnish the lumber to Jonassen. The failure or refusal of Smith to furnish the money to pay for the lumber so obtained was a constructive fraud on both the lumber company and the Jonassens. Section 817, subd. 1, R. C. 1919; 26 C. J. Sec. 4, p. 1061. Smith could not have sold the land or have obtained the $9,000 mortgage if the lumber company had not furnished the material for the buildings. He cannot now refuse to keep his agreement to pay and still hold a first lien on the property obtained by his broken promise. Hollister v. Sweet, 32 S. D. 141, 142 N. W. 255. Had Smith brought this action in his own name, we think he would have been barred from claiming any lien on these buildings under his $9,000 mortgage, and the foreclosure thereof, either against the lumber company or the Jonassens. Sections 1647 and 1657, R. C. 1919; Jones on Liens (3d Ed.), Sec. 1373. To hold otherwise would be to permit Smith to obtain valuable buildings from the lumber company through his own wrong, and to take from the Jonassens homestead rights in the buildings by falsehood and deceit. It would enable Smith, in an equitable action, to obtain equities himself, without doing equity to those prejudiced by his falsehood or failure to keep his agreements.

[3] We therefore hold that in this case, as to Smith, and those claiming title to the $9,000 mortgage under him with knowledge of the facts, and those who obtained title to said mortgage

after the actual and visible beginning of these buildings on the land, the interest of the lumber company in these buildings was superior to the lien of the $9,000 mortgage. It will be observed the trial court made no finding as to the date this mortgage was assigned and delivered by Smith to plaintiff. He did find the assignment was dated January 31, 1918, but he also found it was not filed for record until the 21st day of October, 1921, nearly 4 years after it was dated, and more than a year after the mechanic's lien case had been tried. He also found that the $9,000 mortgage was not filed until Feburary 8, 1918, at least one day after the lumber had been placed on this land and the erection of buildings begun. Under these facts, we think the presumption that this mortgage was assigned and delivered to plaintiff on the day it bears date is entirely overcome. Speaking of this presumption of delivery, it is said in Jones on Evidence, Sec. 50:

"* * * Proof will be required if the circumstances are such that collusion as to the date might be practiced."

In section 51, same volume, it is said:

"There is no presumption of delivery where it is apparent there was a motive for collusion or fraud."

See Cassidy v. Holland, 27 S. D. 287, 130 N. W. 771.

[4] It is clear in this case that the circumstances were such that collusion between Smith and plaintiff as to the date of this assignment might be practiced. It had been practically a year since the mechanic's lien case had been tried, in which the court found the assignment by Smith of a companion mortgage was wrongful, and held the mortgage for cancellation. There was therefore not even a presumption of law on which to base a claim that the mortgage was assigned and delivered to plaintiff prior to the beginning of actual and visible improvements on the land, or even prior to the date of filing the assignment. As we have seen, the $9,000 mortgage never became a lien on these buildings while it was owned by Smith. Under the facts found, the $9,000 mortgage was not filed until after the actual and visible beginning of these buildings was made on this land. This plaintiff was therefore not a bona fide purchaser of this mortgage, and stood in no better position than Smith would, had he brought the action. Section 1646, R. C. 1919. We therefore hold plaintiff was not a bona

fide purchaser of this mortgage, and stood in no better position than his assignor, Smith, so far as defendant lumber company was concerned.  Section 1646, R. C. 1919.

[5]  It is next contended, under appellant's assignment of error No. 1, that, as the Jonassens bought this land for a homestead, and erected the buildings for homestead purposes, and occupied and claimed them as such until about September 30, 1922, the lien of this mechanic's lien never attached to any part of the homestead.  We think the mechanic's lien never attached to any part of the homestead, regardless of value, while it was claimed and used as such.  Section 1644, R. C. 1919, which is the law governing this case, provides as follows: '

*"Extent and Amount of Lien.*  If the contribution be made under a contract with the owner and for an agreed price, the lien as against him shall be for the sum so agreed upon; otherwise, and in all cases as against others than the owner, it shall be done for the reasonable value of the work done, and of the skill, material, and machinery furnished.  It shall not extend to nor affect any rights in any homestead."

See Floete Lbr. Co. v. Hodges, 32 S. D. 557, 143 N. W. 949; L. Lamb Lbr. Co. v. Roberts, 23 S. D. 191, 121 N. W. 93; Hollister v. Sweet, 32 S. D. 141, 142 N. W. 255; Robert Burns Lbr. Co. v. Peterson (S. D.), 202 N. W. 387; Atlas Lbr. Co. v Semmler (S. D.), 205 N. W. 376.

It is said, in 13 R. C. L., Sec. 73, p. 613:

"The majority opinion is that a judgment or like lien cannot be created except when there is a right to sell property thereunder, and that, when the right of sale cannot be asserted, the existence of the lien must be denied, and therefore that, though a judgment lien exists against the claimant, or an attachment or execution has been attempted to be levied upon the homestead property, such lien or levy is absolutely void as against such property, and that it may be conveyed by the judgment debtor free of such lien."

The right to use, occupy, or sell the entire homestead at the pleasure of the homestead claimant is one of the important rights of homestead.  If the homesteader could be compelled to reduce or change the boundaries of his homestead or sell the same to satisfy a mechanic's lien, this would certainly permit the lien to

reach to and affect an important homestead right, in violation of the provisions of section 1644, supra. This view receives some support from the fact that, by chapter 280, Session Laws 1921, the Legisature have amended the last clause of section 1644 to read as follows:

"It shall not extend to nor affect any rights in any homestead, so far as the same is exempt from levy and sale on execution."

It is not necessary for us to consider the effect of that amendment further in this case. On September 30, 1922, the Jonassens, by a proper instrument in writing, waived all their homestead rights in the buildings on this land to the defendant, lumber company. In consideration of this, the lumber company agreed, if they were decreed a first lien on the buildings with right to sell, and did sell and remove them or otherwise obtain the value thereof, they would release their judgment. We think this agreement sufficiently waived the homestead rights of the Jonassens to authorize the trial court to declare this mechani's lien a first lien in favor of the lumber company on these buildings. 29 C. J. p. 952, Secs. 384-390.

It follows, from what has been said, that appellant's assignment No. 5, based on the trial court's refusal to find the value of the property, relates to an immaterial matter, and will not be considered in this case.

We have examined the other assignments of error, and, finding no error in the record, the judgment of the lower court is affirmed.

CAMPBELL, J., dissents.

Note.—Reported in 207 N. W. 155. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 795(1), 4. C. J. Sec. 2418; (2) Mortgages, Key-No. 151(3), 27 Cyc. 1227; (3) Evidence, Key-No. 89, Mortgages, 27 Cyc. 1229 (Anno.); (4) Mortgages, Key-No. 261, 27 Cyc. 1200; (5) Homestead, Key-No. 170, 29 C. J. Sec. 384.

On Rev. Code 1919, Sec. 817, see Annotations Kerr's Cyc. Code 1920, Civ. Code, Sec. 1573.