INDEPENDENT SCHOOL DIST. OF CITY OF ABERDEEN, Respondent v. FIRST NATIONAL BANK OF ABERDEEN, et al, Appellants. (Two cases)

(284 N. W. 773.)

(File Nos. 8200, 8201. Opinion filed March 22, 1939.)

*E. B. Harkin* and *Van Slyke & Agor,* all of Aberdeen, for Independent School Dist. of City of Aberdeen.

*Dwight Campbell,* of Aberdeen, for First Nat. Bank of Aberdeen.

*F. W. Noll,* of Aberdeen, for City of Aberdeen.

*Van Slyke & Agor,* of Aberdeen, for U. S. Fidelity & Guaranty Co. and Fidelity & Deposit Co. of Maryland.

*Williamson & Williamson,* of Aberdeen, for Aberdeen Nat. Bank & Trust Co.

RUDOLPH, J.   Respondents have moved to dismiss the appeals to this court in two separate cases.   The facts in each case are identical.   The Independent School District of Aberdeen commenced two actions in the circuit court of Brown county; one against the First National Bank of Aberdeen, and the other against the Aberdeen National Bank and Trust Company.   The defendant, First National Bank of Aberdeen, then asked by proper motion that there be joined in the action against it the following named parties: City of Aberdeen, Aberdeen National Bank and Trust Company, United States Fidelity and Guaranty Company, and Fidelity and Deposit Company of Maryland; and that these parties be required to plead either to the complaint of the plaintiff or the counterclaim and cross-petition of the defendant, which had been made and filed in the action.   The Aberdeen National Bank and Trust Company joined in this request of the First National Bank. The trial court, after notice of hearing, entered its order making these various parties, parties to the action, and by its order required them to appear and plead in the action within thirty days after the service of the order upon them.   Thereafter, counsel representing the school district, counsel representing the city, and counsel representing the surety companies, each obtained from counsel for the banks stipulations extending the thirty day period in which the order required appearance to be made.   Based upon these stipulations the trial court extended the time for appearance accordingly.   Thereafter, and prior to the expiration of sixty days from the service of the order, the city, the school district, and the surety companies, appealed from the order of the circuit court.

Respondents now contend that the appellants waived their right to appeal from the order by obtaining the stipulations and orders extending the time for their appearance and pleading in the action.   The record discloses that at the time the stipulation on behalf of the school district was presented to the attorney for the respondent, First National Bank, he was advised by the school district's attorney, as follows: "That three members of the Board of Education had just qualified for positions upon the Board and that the question of whether the Board of Education would authorize an appeal from said Order would be determined by the new Board as organized and that the extension of time asked in the Stipulation was for the purpose of allowing the new members of

the Board to be advised in regard to the litigation and to allow the Board then to determine whether it desired to appeal from said Order or not, and if an appeal was authorized to allow the Board to authorize and provide for the proper court and supersedeas bond."

The attorney for the respondent, Aberdeen National Bank and Trust Company, was advised at the time the stipulation was entered into with the surety companies, "that the purpose of obtaining the stipulation was to obtain an extension of time so that the surety companies would not be in default under the terms of the order while awaiting the decision of the officers of the United States Fidelity and Guaranty Company as to whether or not these corporations desired to appeal."

It is also undisputed that the purpose of the city of Aberdeen in obtaining the stipulation was to prevent the city from becoming in default under the terms of the order of the court, pending the final decision of the parties to appeal.

Prior to taking this appeal the appellants made a motion in circuit court asking that the court fix the terms and amount of a supersedeas bond to be furnished upon the appeal. At the hearing on this motion, counsel for respondent banks appeared specially and objected to the jurisdiction of the court to fix the amount of such a bond for the reason that appellants had waived their right to appeal by entering into the stipulations. The trial court after a hearing, and upon a showing similar to that made in this court upon this motion, held as follows:

"That petitioners herein did not waive their right to appeal to the Supreme Court of the State of South Dakota, from the order of this court, dated May 23, 1938, by making and entering into the stipulations extending time to file pleadings in compliance under said order; and

* * * * * *

"That this court had no intention of precluding the right of the parties herein to appeal from said order by making and entering its orders approving the said stipulations and extending time within which to file pleadings under said order; * * *."

Appellants contend that respondents having failed to appeal from this order of the trial court are precluded from maintaining this present motion. We need not consider this contention of ap-

pellants, because, under all the facts presented, we are of the opinion that the motions to dismiss the appeals must be denied upon the merits.

We are convinced, under the showing made, that there was no intention of waiving the right of appeal by entering into the stipulations. Appellants have not by their acts voluntarily acquiesced in or recognized the validity of the trial court's order. They have stipulated for extensions of time under the court order, but this was done for the undisputed purpose of avoiding a default during the sixty day period within which they might decide upon and perfect their appeal. Respondents cite the case of Coplan v. Eastwood et al., 33 S. D. 229, 145 N. W. 431, in support of the position they are now taking. But in that case there was presented to the court nothing but the bare fact that plaintiff asked and was granted leave to amend his complaint after an order sustaining a demurrer. The court said: "There is no reason for plaintiff to seek a modification of the order sustaining the demurrer unless he desired to amend." Throughout that opinion it appears that the intention with which a party acts is the deciding factor. In this case it clearly appears that appellants had reason to extend the time to make an appearance other than a desire to appear and accept the decision of the court. This reason, as it appears undisputed in this record, was to save a default under the terms of the order pending the final determination of the parties to appeal.

The motions to dismiss the appeals are denied. Appellants have forty-five days after the filing of this opinion within which to serve and file briefs on appeal.

WARREN, P. J., and POLLEY and ROBERTS, JJ., concur.
SMITH, J., not sitting.