## VINING, Respondent v. KOVARIK, Appellant

### (116 N.W.2d 638)

(File No. 9973. Opinion filed August 22, 1962)

Rehearing denied November 20, 1962.

**Whiting, Lynn, Freiberg & Shultz,** Rapid City, for Defendant and Appellant.

**Sieler & Brady,** Rapid City, **Maynes & Meyers,** Aberdeen, for Plaintiff and Respondent.

SMITH, J.   This litigation arose out of an intersectional collision of motor vehicles which occurred in Aberdeen, South Dakota, on September 11, 1958. A trial resulted in a verdict and judgment for defendant. Thereafter the trial court entered an order granting a new trial from which this appeal was taken. We uphold the contention of plaintiff that the record establishes defendant has elected to waive his right of appeal.

The settled record reveals these significant undisputed facts. The specific allegation of negligence contained in plaintiff's complaint reads as follows:

> "That at said time and place defendant recklessly, carelessly and negligently operated his automobile so that it suddenly and without warning or notice went through a red light at said intersection and collided with and struck the plaintiff's automobile."

This allegation was denied by the answer and counterclaim of defendant. After the cause was at issue, and proceeding under SDC 1960 Supp. 36.0605 plaintiff requested admissions of fact from defendant. The reply of defendant admitted those requests which set forth that the traffic at the intersection in question was controlled by traffic lights as provided by described ordinances, but denied requests which in substance sought an admission that the defendant entered the intersection against a red light. The reply of defendant to plaintiff's requests was not signed or sworn to by the defendant; it was signed by one of his counsel. Plaintiff did not in any way object to the form of the reply of defendant, but at the trial he offered the requests for admissions, and defendant's reply above described as admissions by defendant that he had entered the intersection against the red traffic light. This was done on the theory that the reply signed by counsel, rather than by defendant, and unsworn to by defendant, was equivalent in law to a failure to reply and hence an admission of the requested admissions of fact. The defendant's objection to this offer was that the requests were improper, because

dealing with vital, controversial and disputed facts, and further that by failing to question the defendant's reply prior to the trial, plaintiff must be deemed to have accepted it as a refusal to admit the requested admissions. These positions were maintained by the parties throughout the trial as plaintiff continued to urge that defendant had admitted entering the intersection against the traffic signal. As indicated the verdict and judgment were for defendant.

The motion for new trial was made on the grounds of abuse of discretion and error in law of the trial court. SDC 1960 Supp. 33.1605(1) and (7). The trial court granted the motion on the ground that the "ruling of the Trial Court, holding that the facts requested by plaintiff were not admitted, even though the answer to such requests was unsworn, came as a complete surprise to the plaintiff and his counsel. * * * a surprise against which the plaintiff could not have guarded against in a normal prudent manner." SDC 1960 Supp. 33.1605(3).

Shortly after the entry of the order granting a new trial, defendant applied to the trial court for an order granting him leave to amend his reply to the request for admissions, and to verify the same as required by SDC 1960 Supp. 36.0605. After hearing, defendant's motion was granted and he thereafter served and filed an amended reply sworn to by defendant, which denied he had entered the intersection against a red light.

In his respondent's brief, plaintiff urges that by the above described conduct subsequent to the entry of the order for new trial, the defendant elected to waive his right to appeal from that order.

■ Although counsel for defendant served a reply brief he neither made response to plaintiff's contention that the right of appeal had been waived, nor did he question the timeliness of that contention. At bar it was said the issue was not before the court in the absence of a motion for a dismissal.

In Wilson v. Hayes-Lucas Lumber Co., 49 S.D. 341, 207 N.W. 155, and in Nielson v. Chicago & N.W. Ry. Co., 27 S.D. 96, 129 N.W. 907, this court refused to consider a motion to dismiss an appeal contained in respondent's brief because it failed to comply with our then Rule 21. In our opinion, a similar ruling here under our present rules, cf. SDC 1960 Supp. 33.0501 and 33.1001, in a case where all of the controlling facts appear in the settled record, would be to sacrifice substance on the altar of form. It is our holding that the question of waiver was presented to us and to counsel for defendant by respondent's brief.

■ ■ The statutory right of appeal is favored and nothing short of compelling grounds will warrant denial of that right. State v. Hammerquist, 67 S.D. 417, 293 N.W. 539. An intention to waive that right may be implied from conduct. Independent School District v. First National Bank, 66 S.D. 414, 284 N.W. 773; Coplan v. Eastwood, 33 S.D. 229, 145 N.W. 431; and Pierson v. Minnehaha County, 26 S.D 462, 128 N.W. 616. Such an intention must clearly and unmistakably appear. 4 C.J.S. Appeal & Error § 212, p. 619.

■ In this case, after the trial court ordered a new trial, predicated upon the surprise to plaintiff arising from its ruling as to the effect in law of plaintiff's request for admissions of disputed facts, and defendant's defective reply thereto, defendant determined to ask leave to remove the entire matter from controversy by serving a proper reply in which the requests for admissions were denied. After his application was granted he exercised that privilege by serving an amended reply.

Coplan v. Eastwood, supra, involved conduct of plaintiff after a demurrer to his complaint had been sustained. Although before he appealed plaintiff had sought and obtained an order granting him the privilege of serving an amended complaint, he had not actually exercised that privilege. There it was written:

"* * * The plaintiff saw fit to ask for leave to amend, and such leave was granted. The grant-

ing of such leave rested in the discretion of the trial court—appellant could not demand it as a matter of right. There was no reason for plaintiff to seek a modification of the order sustaining the demurrer unless he desired to amend. Attorneys for plaintiff must be presumed to know the law of their case, and therefore to know whether they desired to rest on their former pleading, or desired to confess the demurrer by pleading over; their request for leave to amend was an expression of their election.
* * *

It is the intention of the party as indicated by his acts, at the time, which fixes his standing in court."

In the instant case the amended reply to the request for admissions could only serve the interests of defendant on a new trial. By asking this favor and privilege from the court which had ordered a new trial, almost immediately after its order was entered, and thereafter exercising the privilege so granted, we are persuaded defendant clearly indicated a present intention to acquiesce in that court's order. It follows, we are of the opinion, that he then elected to waive his right of appeal.

Our order will be that the appeal be dismissed.

RENTTO, P. J., and ROBERTS and BIEGELMEIER, JJ., concur.

HANSON, J. (dissenting). Waiver of appeal is procedural and not jurisdictional. In the absence of a timely motion to dismiss such question is not before the court. It was mentioned only in respondent's brief.