APEX SIDING AND ROOFING COMPANY, a Corporation, Plaintiff in Error,

v.

The FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF SHAWNEE, a Corporation; L. H. Grimmett, Dorothy Grimmett, Barney Stewart Wholesale, Inc., a Corporation, the United States of America, Defendants in Error.

No. 37144.

Supreme Court of Oklahoma.

June 12, 1956.

Rehearing Denied Sept. 11, 1956.

George E. McKinnis, Jr., Shawnee, for defendant in error.

PER CURIAM.

The parties to this action will be referred to hereinafter in the following manner: the plaintiff in error, Apex Siding and Roofing Company, a corporation, as Apex; the defendant in error, the First Federal Savings and Loan Association of Shawnee, a corporation, as plaintiff; the defendant below, Dorothy Grimmett, as defendant.

The material facts of this litigation are not disputed; it is the effect of those facts that has created the controversy. This action was brought by plaintiff to foreclose its mortgage on the premises originally owned by defendant and her husband. Subsequent to the execution of this mortgage, defendant and her husband were divorced and the mortgaged property was awarded to defendant in settlement of their property rights. Prior to the divorce, but after the execution of the mortgage, certain obligations of the husband attached to the property as liens. The order of priority awarded those liens is not questioned in this appeal. After the divorce, defendant and a representative of Apex conferred for the purpose of making an agreement concerning certain repairs and improvements needed on the property. Because of the existing mortgage, the Apex representative and the defendant contacted plaintiff prior to June 7, 1954, and discussed the contemplated repairs for the purpose of inducing plaintiff to make an additional loan. At this time plaintiff was holding $300 of the original loan in escrow to pay for certain repairs to the premises. The balance due on the original note was approximately $5,700. By increasing the mortgage indebtedness to $6,500 and using the escrow money, and by Apex's crediting defendant with $250 for some furniture to be accepted by it in the transaction, sufficient money would be available to make the contemplated repairs. Plaintiff's secretary told defendant and the Apex representative that he would present the request to the proper authorities.

Leslie L. Conner, Oklahoma City, Charles W. Conner, Arnold B. Britton, Conner, Hilpert & Britton, Oklahoma City, on brief, for plaintiff in error.

354

Thereafter, defendant received a letter from plaintiff, as follows:

"June 7, 1954
"Mrs. Dorothy Grimmett
"Box 8328
"Oklahoma City 14, Oklahoma
"Re: Loan No. 1–2764
"3201 S Broadway
"Oklahoma City, Okla.
"Dear Mrs. Grimmett:

"Our loan committee has agreed to refinance your loan up to $6,500.00 which together with the $300.00 we are holding in escrow will allow you to make the needed repairs to the house. The additional funds will be paid out on completion of the following repairs: (five items are named).

"We are enclosing a partially completed application for the new loan which we ask to* to complete and return (*sic) to us. We will then be in position to draw up the new papers for your signature. The new mortgage will then need to be recorded and shown in the abstract, which will need to be certified down to date showing the transfer of title to your name.

"Yours very truly
"S/ John A. Merrill,
"Secretary."

As a result of this letter, Apex contracted with defendant and made the repairs required by the letter. Subsequently, defendant and the Apex representative contacted plaintiff to complete the loan; whereupon a new note and mortgage for the increased amount were executed by defendant, but no actual transfer of cash was made. This new mortgage was mailed to Oklahoma City by plaintiff to be recorded, and the abstract brought down to date. It was upon the examination of the record by the abstracter that the subsequent liens were discovered. Upon learning of the new liens plaintiff recalled the mortgage from the abstracter without having it recorded, and then notified defendant that the loan could not be completed until these liens were satisfied.

Apex thereafter filed its lien. For the purpose of the trial, the amounts and dates of the claimed liens were stipulated and a jury was waived. Defendant being in default, the court's judgment, as between her and the lien claimants, was against her and in their favor, and it decreed foreclosure of plaintiff's mortgage. However, it gave complete priority to said mortgage lien over Apex' materialmen's lien, and denied Apex judgment on its cross-petition against plaintiff. It is in these respects, that Apex, in the present appeal, contends that the trial court erred.

Apex pleaded plaintiff was estopped to assert its mortgage lien against it and also cross-petitioned for judgment against plaintiff for the amount of its lien claim, on the basis of an alleged third party beneficiary contract between plaintiff and defendant. Our statute, 15 O.S.1951 § 29, provides that the third party beneficiary of a contract made expressly for his benefit may enforce the contract prior to its recision by the parties. But, to entitle such a third party to bring an action upon a contract of others, it is not enough that the contract *may* operate to his benefit, i. e., that he will be *incidentally* benefited; it must also appear that the parties intended to recognize him as the *primary* beneficiary. Assuming, without conceding, that a contract existed between plaintiff and defendant, the evidence is insufficient to justify a determination that it was made expressly for the benefit of Apex. Defendant was negotiating for a loan, and not expressly for a loan to pay for repairs made by Apex. At the time of the letter of June 7th, Apex had not even contracted to make the repairs, although it hoped to secure the business. Nor is there anything to suggest that plaintiff was agreeing to pay Apex for such repairs. All its letter suggests is that it would "pay out" to defendant a certain amount upon completion of specified repairs, and this without regard to the person making them, or their total cost. The theory of Apex is based upon its agent's actions in energetically searching for business. This is not a third party beneficiary

situation. The evidence is insufficient to justify a conclusion that plaintiff and defendant intended Apex to be a primary beneficiary of their agreement. Hawkins v. Mattes, 171 Okl. 186, 41 P.2d 880; Seargeant v. Commerce Loan & Inv. Co., 77 Ariz. 299, 270 P.2d 1086; Mercantile Nat. Bank at Dallas v. McCullough Tool Co., 152 Tex. 471, 259 S.W.2d 724. The court did not err in denying judgment against the plaintiff on Apex' cross-petition.

However, the theory of estoppel has merit, for the plaintiff wrote defendant the letter of June 7th, with knowledge of the fact that Apex intended to contract with defendant for the work, if it could be financed. Plaintiff seeks to avoid an estoppel by pointing out that the loan application contained a condition that the mortgage be a first lien on the property, but we observe that the application made its acceptance or rejection, for unsatisfactory title conditions, optional with the plaintiff. In any event, plaintiff's secretary testified that they "went ahead with this thing without a signed application in June '54." Apparently plaintiff made no precautionary examination of the title before sending the letter. Although Apex is presumed to have constructive knowledge of the liens against the property subsequent to the mortgage, there is nothing in plaintiff's letter to defendant to suggest to Apex that its promise to refinance defendant's loan was in any way dependent upon the condition of her title. Because of their conference prior to the date of the letter, plaintiff should have known that the letter would be communicated to Apex for the purpose of securing its agreement to make the repairs required as a condition of the new loan.

Equitable estoppel is the result of the voluntary conduct of a party whereby he is absolutely precluded from asserting rights which might have otherwise existed as against a person who, in good faith, relied on such conduct and has been thereby led to change his position to his detriment, and who has acquired some corresponding right. It holds a person to a representation made, or a position assumed, where otherwise inequitable consequences would result to another, who, having a right to do so under the circumstances, has in good faith, relied thereon. Whether the doctrine of equitable estoppel is applicable depends on the facts and circumstances of each case. As was pointed out in Wichita Federal Savings & Loan Ass'n v. Jones, 155 Kan. 821, 130 P.2d 556, 559, " ' * * * any attempted definition usually amounts to no more than a declaration of estoppel under those facts and circumstances.' " Here, Apex contacted plaintiff for the specific purpose of determining if the necessary funds would be available to make repairs, and plaintiff's letter to defendant in response to the parties' conference is in positive, affirmative terms. Apex relied on this representation. It would be inequitable for plaintiff to receive the benefit of these substantial repairs and improvements to its mortgage security and yet permit it to assert the priority of its mortgage over Apex' lien which had its inception in the making of said improvements. Lacy v. Wozencraft, 188 Okl. 19, 105 P.2d 781; Golden Belt Lbr. Co. v. Klinzman, 138 Kan. 877, 28 P.2d 736; Wilson v. Hayes-Lucas Lbr. Co., 49 S.Dak. 341, 207 N.W. 155; Wichita Fed. Sav. & Loan Ass'n v. Jones, supra. This part of the judgment is against the clear weight of the evidence. The plaintiff is estopped to assert its mortgage priority against Apex to the extent of the funds it represented it would disburse on completion of the repairs.

The judgment denying the Apex lien priority over the mortgage lien of the plaintiff is reversed, with directions to proceed in conformity with the views herein expressed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease, and approved by Jean R. Reed and J. W. Crawford, the cause was assigned to a Justice of this Court for ex-

amination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

DAVISON, J., dissents.