**In re AMERIVISION COMMUNICATIONS, INC., doing business as Lifeline Communications, Inc., Debtor.**

**Dataprose, Inc., Appellant,**

v.

**Amerivision Communications, Inc., Appellee.**

**BAP No. WO–05–106.**

**Bankruptcy No. 03–23388–NLJ.**

United States Bankruptcy Appellate Panel for the Tenth Circuit.

Aug. 23, 2006.

---

Michael Paul Kirschner of Kirschner, Kisner, Lee, PLLC, Oklahoma City, Oklahoma (William E. Winfield and Susan M. Seemiller of Nordman Cormany Hair & Compton LLP, Oxnard, California, with him on the brief), for the Appellant.

Keith Miles Aurzada of Hance Scarborough Wright Ginsberg & Brusilow, LLP, Dallas, Texas, for the Appellee.

Before CLARK, BROWN, and McNIFF, Bankruptcy Judges.

## OPINION

McNIFF, Bankruptcy Judge.

Dataprose, Inc. ("Dataprose") appeals the bankruptcy court's order granting the Motion for an Order to Compelling [sic] Enforcement of the Plan and Deeming Dataprose, Inc. Contract Rejected ("Enforcement Motion") filed by the debtor in possession and reorganized debtor, Amerivision Communications, Inc. ("Amerivision"). We affirm.[1]

## I. Background

Before the filing of Amerivision's Chapter 11 bankruptcy case on December 8, 2003, Amerivision and Dataprose were parties to an executory production contract ("Production Contract").[2] The Production Contract was one of over 350 similar executory contracts to which Amerivision was a party.

Dataprose was served with notice of the filing of the Chapter 11 case. Amerivision listed Dataprose on Schedule G—Executory Contracts and Unexpired Leases. Schedule G was not served on parties in interest. William Winfield, Dataprose's counsel, entered an appearance in the Chapter 11 case on February 11, 2004.

As the debtor in possession, Amerivision filed several Chapter 11 reorganization plans during the pendency of the case. Three creditors ("Creditors") jointly filed a competing reorganization plan and amended plans. The bankruptcy court scheduled a simultaneous hearing on the competing Chapter 11 plans. Dataprose and Winfield were served with the Creditors' Second Amended Plan ("Creditors' Plan"), Amerivision's Third Amended Chapter 11 Plan, a notice of the confirmation hearing, and a ballot. A single ballot was provided to the parties entitled to vote on the competing plans, including Dataprose, and Dataprose voted to accept Amerivision's proposed plan.

The Creditors' Plan contained the following provisions:

### 7.1 Assumed Executory Contracts.

Except as otherwise provided in the Plan or in the Confirmation Order, or in any contract, instrument, release, indenture or other agreement or document

---

1. The Appellant's Motion to Supplement Record on Appeal and Request for Judicial Notice, filed January 20, 2006, is denied. This Court did not consider the case of *In re WorldCom, Inc.*, No. 02–13533, 2006 WL 544471 (Bankr.S.D.N.Y.), in formulating this Opinion.

2. The filing precedes the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act; all references to the Bankruptcy Code are pre-BAPCPA.

entered into in connection with the Plan, as of the Effective Date, the Debtor shall be deemed to have rejected each Executory Contract to which it is a party, unless such contract or lease (a) was previously assumed by the Debtor, (b) is set forth in a notice by NAM [one of the Creditors], which shall be filed with the Court not less than ten (10) days before the Voting Deadline, or (c) is the subject of a motion to assume filed on or before the Confirmation Date. The notice providing for assumption of executory contracts shall identify the amount of any Cure. The Confirmation Order shall constitute an order of the Bankruptcy Court under Section 365 of the Bankruptcy Code approving the Executory Contract assumptions described above, as of the Effective Date. All such assumed Executory Contracts shall be assumed and assigned to the Reorganized Debtor.

. . .

### 7.3. *Rejected Executory Contracts.*

The Confirmation Order will provide for the rejection of those Executory Contracts not assumed or assigned previously or as provided herein.

Any Claim arising from the Debtor's rejection of an Executory Contract will be classified as a General Unsecured Claim.[3]

The Creditors' Plan contained a bar date for filing a claim for rejection damages, i.e., within thirty days after service of the notice of entry of the Confirmation Order or other notice of rejection.[4]

On October 12, 2004, Creditors served a Notice of Intent to Assume Contracts under the Creditors' [Plan] ("Notice of Intent") on both Dataprose and Winfield,

among others. The Notice of Intent listed seven executory contracts that were intended to be assumed upon confirmation of the Creditors' Plan. The Production Contract was not one of the contracts proposed to be assumed, and the Production Contract was not listed in the Notice of Intent.

After a hearing, the bankruptcy court confirmed the Creditors' Plan. The bankruptcy court entered its Supplemental Order Confirming Plan on January 10, 2005. The confirmation order did not specifically provide for assumption or rejection of any executory contracts. Dataprose and Winfield were served with a Notice of the Effective Date, containing notice of the date the confirmation order was entered by the Creditors. Dataprose did not file a timely claim for damages arising from the rejection of the Production Contract.

After confirmation, the reorganized Amerivision and Dataprose continued to perform under the Production Contract. Eventually Amerivision gave Dataprose notice that its services were no longer required, causing a dispute over the asserted contract rejection.

Accordingly, Amerivision filed the Enforcement Motion in the bankruptcy court to compel enforcement of the confirmed Creditors' Plan and for rejection of the Production Contract. Dataprose responded, arguing that: notice of rejection of the Production Contract was insufficient; Dataprose was deprived of procedural due process with regard to the deadline for filing a post-rejection proof of claim; and Amerivision was equitably estopped from seeking enforcement of the confirmed plan with regard to the rejection of the Production Contract.

---

**3.** *Creditors' Plan* at 18–19, *in* Appellant's Appendix, Vol. I, at 77–78.

**4.** *Id.* at 19, *in* Appellant's Appendix, Vol. I, at 78.

The bankruptcy court held a hearing on the Enforcement Motion. The parties did not introduce evidence, but neither did the parties dispute the facts stated by all counsel on the record. Granting the Enforcement Motion, the bankruptcy judge stated: "This is not governed by Rule 9014, because it is part of a plan."[5] The bankruptcy judge quoted from Section 7.1 of the confirmed Creditors' Plan, and further stated:

> On October 12th, the creditors ... filed a notice of intent to assume contracts and listed two pages of contracts they will assume.

> The creditor [Dataprose] has admitted that this was an executory contract. It is listed so under Schedule G as an executory contract. Therefore, even though this is boilerplate language, it is very common boilerplate language, and the Court concludes that this contract was rejected by not being specifically assumed.[6]

The bankruptcy court entered its formal Order Granting Motion for an Order to Compel Enforcement of the Plan and Deeming Dataprose, Inc. Contract Rejected and Objection to Claim ("Enforcement Order") on October 11, 2005, ruling that the Production Contract was rejected by confirmation of the Creditors' Plan. This timely appeal followed.

## II. Jurisdiction and Standard of Review

■ Dataprose timely appealed the bankruptcy court's Enforcement Order. Fed. R. Bankr.P. 8002(a). This Court, with the consent of the parties, has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts within the Tenth Circuit. 28 U.S.C. § 158(a)(1) and (b)(1). The parties have consented to this Court's jurisdiction because neither party has elected to have the appeal heard by the United States District Court for the Western District of Oklahoma. 28 U.S.C. § 158(c)(1); Fed. R. Bankr.P. 8001(e). An order determining whether notice satisfies procedural due process is reviewed de novo. *In re Gledhill,* 76 F.3d 1070, 1083 (10th Cir.1996).

## III. Discussion

■ The assumption or rejection of an executory contract is governed by 11 U.S.C. § 365. Under § 365(d)(2), a trustee or a debtor in possession may assume or reject an executory contract at any time before the confirmation of a plan.

### Notice

■ In a Chapter 11 case, assumption or rejection of an executory contract may be accomplished by specific motion as set forth in Fed. R. Bankr.P. 6006(a): "A proceeding to assume, reject, or assign an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014." An assumption or rejection may also be accomplished as part of a Chapter 11 plan, obviating the need to file a separate motion as a contested matter. *In re Nat'l Gypsum Co.,* 208 F.3d 498, 511–12 (5th Cir.2000); 11 U.S.C. § 1123(b)(2).

■ If assumption is to be undertaken in a Chapter 11 plan, a plan proponent must provide the requisite notice as part of the confirmation process. *Nat'l Gypsum,* 208 F.3d at 513; Fed. R. Bankr.P.2002(b). Adequate notice of rejection of an executory contract is necessary, among other reasons, to ensure that the non-debtor party to a rejected contract has an opportunity

---

**5.** *Tr.* at 42, *in* Appellant's Appendix, Vol. II, at 305.

**6.** *Id.*

to file a timely claim for rejection damages. *Nat'l Gypsum*, 208 F.3d at 513.

In this case, Dataprose contends that the notice of the rejection of the Production Contract was inadequate because Dataprose was not served with Schedule G listing the Production Contract as an executory contract, and because neither the Creditors' Plan nor the Notice of Intent specifically listed each executory contract to be rejected, and instead relied upon boilerplate in the Creditors' Plan to effect a rejection. Dataprose does not argue that the Federal Rules of Bankruptcy Procedure provide insufficient process, but only that the notice in this case did not meet the specific notice requirements under Federal Rules of Bankruptcy Procedure 2002(b) or 6006(a).

The case law addressing whether boilerplate language satisfies due process requirements and provides adequate notice is sparse. Most of the cases cited by Dataprose in support of its argument are inapposite, dealing in the main with the absence of notice. *See, e.g., In re Burger Boys Inc.*, 94 F.3d 755, 763 (2d Cir.1996) (assumption attempted without motion or opportunity to object invalid); *In re O'Connor*, 258 F.3d 392, 401 (5th Cir.2001) (boilerplate in plan implying additional assumption action ineffective without more and is inconsistent with § 365); *In re Typocraft Co.*, 229 B.R. 685, 689 (Bankr. E.D.Mich.1999) (informal default method of assumption invalid). The bankruptcy court in the case of *In re Parkwood Realty Corp.*, 157 B.R. 687 (Bankr.W.D.Wash. 1993) invalidated the rejection of an executory contract undertaken pursuant to a catchall boilerplate provision in a confirmed plan. However, in that case, the non-debtor party to the executory contract was not listed on the debtor's Schedule G and was not provided with notice of the confirmation hearing. *Id.* at 688–89.

In the case of *In re Victory Markets, Inc.*, 221 B.R. 298 (2d Cir. BAP 1998), the Chapter 11 reorganization plan contained a provision that explicitly rejected all executory contracts not listed on an assumption schedule attached to the plan. A majority of the court ruled that the absence of an executory contract from the schedule effected a rejection of the contract at issue because the plan language was clear and the contract was not explicitly assumed. *Id.* at 304–05.

■ We agree with the Court of Appeals for the Fifth Circuit that specific notice of the plan proponent's intent is required through the confirmation process or by separate motion. *National Gypsum*, 208 F.3d at 513. However, the question in this case is not only whether the use of boilerplate language is acceptable (assuming this is boilerplate language), but also whether the notice under the circumstances was adequate.

■ Under the facts of this case, the Court concludes that the plan language provided adequate notice of the intended rejection. The Court does not invalidate boilerplate language per se. The validity of any language depends upon notice and clarity and the overall information provided to the parties in interest. Here, the plan provision put any party to an executory contract on notice that absent specific assumption, the contract was rejected.

Further, the notice procedures were sufficient. The Creditors' Plan is res judicata as to the treatment of the Production Contract, effecting a rejection, and is res judicata as to the deadline to file a rejection damages claim.

This case does not evidence a lack of notice. To the contrary, Dataprose had notice of the bankruptcy filing, and the Production Contract was listed on Sched-

ule G.[7] Both Dataprose and its counsel were served with Amerivision's and the Creditors' Plan, the notice of the confirmation hearing, the ballot provided with the competing plans, and the deadline for filing rejection damage claims contained in the Creditors' Plan. The Creditors' Plan contained a provision which explicitly rejected all executory contracts not specifically assumed by separate motion. Dataprose was served with the separate Notice of Intent and the Notice of the Effective Date. Dataprose received adequate notice of the intent to reject the Production Contract.

### Equitable Estoppel

██ Dataprose also contends that the doctrine of equitable estoppel bars enforcement of the provision rejecting the Production Contract. In the Tenth Circuit, one who asserts estoppel must show:

(1) the party to be estopped must know the facts; (2) he must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

*Che–Li Shen v. INS,* 749 F.2d 1469, 1473 (10th Cir.1984). The elements are similar under Oklahoma law. A party must establish that the other party took a position on an issue upon which the first party relied, in good faith, and changed its position to its detriment. *Sheffield Steel Corp. v. HMK Enters., Inc. (In re Sheffield Steel Corp.),* 320 B.R. 423, 454 (Bankr.N.D.Okla. 2004) citing *Apex Siding and Roofing Co. v. First Fed. Sav. and Loan Ass'n of Shawnee,* 301 P.2d 352, 355 (Okla.1956).

██ At the hearing held by the bankruptcy court on the Enforcement Motion, Dataprose did not directly address its equitable estoppel argument or offer supporting evidence. Dataprose argued that because it had negotiated a reduced pricing schedule with Amerivision prior to the filing of the Chapter 11 case without notice of the planned Chapter 11 filing, and because Amerivision continued to perform under the Production Contract after confirmation of the Creditors' Plan, equity requires that the rejection of the Production Contract be invalidated. The problem with these arguments is obvious. To prevent enforcement of the rejection by estoppel, Amerivision's alleged misconduct must relate to the acts surrounding the rejection of the contract. The facts raised by Dataprose relate instead to the execution of the Production Contract itself or to post-rejection conduct. There is no evidence in the record to support any element of the estoppel argument.

## IV. Conclusion

Under the facts of this case, the language in the confirmed Creditors' Plan, when combined with the notices served on Dataprose, was sufficiently explicit to effect a rejection of the executory contract and satisfied the due process requirements of Federal Rules of Bankruptcy Procedure 2002 and 6006. The Enforcement Order of the bankruptcy court is AFFIRMED.

██

---

**7.** Neither the debtor nor the trustee is required by the Federal Rules of Bankruptcy Procedure to serve parties in interest with the debtor's schedules, including Schedule G.